## RHODES vs. WHITE.

If no motion for a new trial be made, neither the action of the court in giving or refusing instructions, or admitting or excluding evidence, nor of the jury in finding the verdict, will be considered.

### ERROR to Schuyler Circuit Court.

STRINGFELLOW, *for Plaintiff.*

The only question is whether the note being given for a sale made in violation of law is valid. To peddle clocks is prohibited by law unless a license be first granted. This is clearly a case in which the consideration of the contract is *"malum prohibitum."* 7 Mo. R., 585.

McBRIDE, J., *delivered the opinion of the Court.*

John C. White brought an action against Henry Rhodes before a justice of the peace in Schuyler county on a promisory note, and having obtained judgment, Rhodes appealed to the Circuit Court, where judgment being again given against him, he has brought the case to this Court by writ of error.

By the bill of exceptions in the case, we are informed, that after the plaintiff had read the note sued upon, the defendant offered evidence to show that the note was given for the purchase of a clock, and that the vendor, White, had not at the time of the sale a license authorizing him to peddle or sell clocks, which evidence the court rejected, and the defendant excepted; and there being no other evidence in the cause, the court, sitting as a jury, found for the plaintiff, and entered judgment.— No motion was made for a new trial.

It has repeatedly been held by this court, that a motion for a new trial must be made, thereby affording the Circuit Court an opportunity, if an

40

624    SUPREME COURT OF MISSOURI,

error has been committed by that court, in the course of a trial, upon a more mature consideration, to correct the same, by granting to the party complaining a new trial. It is due to the interest of parties litigant, that such errors should be corrected in the court below, and not subject them to the delay and cost attendant upon bringing the case to this Court. See the case of Samuel, Swearingen & Davis vs. Knox adm'r., &c., 10 Mo. R., 31, and the cases there cited.

The judgment is affirmed.