POGUE vs. THE STATE, TO THE USE OF HARBIN.

In order to correct errors of the circuit court in excluding or rejecting testimony, or in giving or refusing to give instructions, the party complaining must file his motion for a new trial.

## APPEAL from Barry Circuit Court.

ROBARDS, for appellee.

The court must affirm the judgment of the circuit court, because there was no motion for a new trial filed, to enable the circuit court to correct the errors committed and complained of, if any. Floersh vs. Bank of Mo., 10 Mo. Rep. 515; Rhodes vs. White, 11 Mo. Rep. 623; ib. Watson vs. Pierce, 358.

The court below properly excluded from the jury the evidence offered to prove that Pogue had been appointed by the county court assessor of Barry county; because it was proved and admitted that Harbin had been previously elected and was qualified as the assessor of that county. The evidence offered could be competent only in the event that Harbin had ceased to hold the office. Had a vacancy of the office been proved, then Pogue's appointment and qualification might have been competent. The evidence offered to be given by the sheriff did

not conduce, in the least, to prove a vacancy of the office, and that offered to be proved by the witness, Perry, showed only an intention to resign, and that the intent was never carried into effect. In any view of the subject, the court did right in excluding from the consideration of the jury the evidence offered by the defendant.

RYLAND, Judge, delivered the opinion of the court.

In looking into the record and proceedings in this case, as well as into the bill of exceptions, I find no motion made for a new trial—no exceptions taken to any instructions given or refused to be given by the court below.

I find from the record, a motion was made by defendant to rule the plaintiff to give bond and security for the costs of this suit. This was overruled. The defendant then moved to quash the writ, because its recitals were in the present instead of the past tense; also, because the sheriff had not properly served the same on the defendant. This motion was overruled, and the defendant excepted to the opinion of the court in overruling this motion, and tendered his bill of exceptions. There is no error in the action of the court in overruling the motion to quash the writ. The defendant had already appeared to the writ, and moved to rule the plaintiff to file bond with security for costs of the suit.

The second bill of exceptions only preserves the action of the court in rejecting certain evidence offered by the defendant.

Under the repeated decisions of this court, the defendant was bound to have made his motion for a new trial, in order to avail himself of the errors, if any had been committed by the court below, in thus excluding or rejecting testimony, or in giving or refusing to give instructions.

It nowhere appearing in the record, that any motion was made for a new trial, the judgment below must be affirmed. See Watson vs. Pierce & Pierce, 11 Mo. Rep. 358; Rhodes vs. White, 11 Mo. Rep. 623; Stevens vs. Sexton, to the use of Schanck, 10 Mo. Rep. 31; 10 Mo. Rep. 515, Floersh vs. Bank of Mo.