## HAYWARD *vs.* ORMSBEE.

### MOTION FOR REHEARING.

Heard July 29, 1859.]          [Decided February 14, 1860,

*Conveyances—New Trial—Bill of Exceptions—Practice.*

The supreme court will not review the evidence given in the court below, and grant a new trial because the verdict is contrary to law and evidence, unless there has been a motion to that effect in the court below, and saved by case or bill of exceptions; but it will look at the instructions given to the jury.

A party who had jointly entered a tract of land at the United States Land Office, and before patent issued to him and his joint owner, made a conveyance to the other party who had jointly entered the land with him, of the grantor's right, title, and interest in the land, and stated in the *habendum* of the conveyance that it was "to have and to hold the same to" the grantee, "and to his assigns forever," without the words "heirs:" Held that the grantor's interest was equitable, and this deed passed the title of the grantee to the lands in the deed mentioned.

By the laws of Congress relating to the sale of lands, the fee to the land remains in the United States government until the patent issues, but the imperfect title which vests in the purchaser, may be sold and assigned before patent issues, and the title by patent enures to, and vests in the *bona fide* assignee or grantee.

This was an action of ejectment by Thomas J. Ormsbee against Hiram Hayward for a lot in the city of Madison, the facts of which are fully stated in the former decision reported in 7 Wis., 111. It was again argued by

*Abbott & Pinney,* for the defendant in error; and

*H. E. Frink,* for the plaintiff in error.

*By the Court,* COLE, J. Upon filing the opinion in this case, which is reported in 7 Wis., 111, a motion was made for a rehearing on the part of the defendant in error, which motion was granted. The case was again argued at the last term upon its merits, and I will now proceed to state the conclusion at which we arrived upon the second argument.

It was assumed on the former argument that a motion was made in the court below, for a new trial, and that this motion was denied, and an exception duly taken. And in reversing the judgment this court proceeded upon the ground that such a motion in fact had been made, and that the record would so show; this court holding that the circuit court should have granted a new trial because the verdict of the jury was unsupported by the evidence, and contrary to the instructions given. Our attention is now called to the fact that the record does not show that any motion for a new trial was ever made and refused in the court below, and as a matter of course the aspect of the case is somewhat changed on that account.

For although the former argument proceeded upon the understanding that such a motion had been made and denied, and the objection is now for the first time taken that the record does not show that such a motion was ever made; still it is very apparent that we must be bound by the record, and can consider only such questions as arise upon it. Neither has any diminution of the record in this particular been alleged, and the facts therefore having been passed upon by

the jury, under proper instructions as to the law of the case, their finding upon these facts is conclusive, and cannot be reviewed in this court upon the ground that it is not supported by the evidence offered on the trial. In this state of the record it is manifest that the questions presented for our consideration are somewhat different from those which were supposed to be before us on the first argument of the cause. And it is equally clear that the judgment of the circuit court must be affirmed unless that court erred in refusing to give the instructions asked for by the plaintiff in error. These instructions were as follows:

" That to convey the fee simple or absolute title to real property in this state, or while the same was under a territorial organization, and until the taking effect of the revised statutes of the state in 1850, the word 'heirs,' or some equivalent expression, was absolutely necessary to be inserted in the conveyance of real property in order to convey a fee simple title thereto, from the grantor to the grantee; the words *to the grantor* named in the deed, *and to his assigns forever*, were not sufficient for that purpose, until the revised statutes went into operation. If, therefore, the jury find from the evidence that any of the conveyances executed, acknowledged and delivered prior to that time, through which the plaintiff is compelled to trace his title to the land in dispute, the word *heirs*, or some equivalent expression is omitted, then the plaintiff has failed to make out his case as set forth in his declaration, and the jury must find for the defendant.

" That if the jury find from the testimony that the deed from Doty to Mason, which bears date May 1st, 1836, and was recorded February 13, 1837, and was read in evidence, by the plaintiff, subject to objection on the part of the defendant, conveyed the land in question to said Mason, and his assigns forever, and the word heirs or some equivalent expression is not to be found in the said deed, then Mason had

only a life estate, which terminated on his decease, and, there-
fore, the plaintiff is not entitled to recover in this action, and
the jury must render a verdict for the defendant."

It will be borne in mind that the action was in ejectment,
and that as part of his case, and as deriving title under it,
Ormsbee had introduced in evidence a certain deed from Doty
to Mason, which is referred to in the above instruction;
which deed recited, in substance, that in consideration of one
dollar paid by Mason, Doty sold, assigned, released, and trans-
ferred unto Mason and to his assigns, all of his, Doty's, right,
title and interest, in and to the several tracts of land therein
mentioned, including the land in question, and all the land
that had been entered by the parties to the deed, "to have and
to hold said interest and estate of said Doty, unto the said
Mason and his assigns forever." A large quantity of land
was entered by Doty and Mason, the parties to the above
deed, in 1836; but the patent for the same was not issued
from the United States until August 10th, 1837, some time
after the date of the conveyance just mentioned. Now the
proposition of law embraced in the above instructions is sim-
ply this, that as the word "heirs," or some equivalent ex-
pression, is not inserted in the deed from Doty to Mason, that
therefore that deed only conveyed a life estate. Some objec-
tion is taken to the second instruction, for assuming as proved
a fact in dispute, to wit, the death of Mason, but as we shall
pass upon the correctness of the main proposition involved
in the instruction as applied to the facts of the case, we will
not consider whether this criticism upon the instruction is
just or not.

It is admitted by the counsel for the defendant in error that
the doctrine is well settled that where one has an estate in
*fee*, and attempts to convey it, that an estate in fee will not
pass unless the word "heirs," or some equivalent expression,
is used in the conveyance, subject to exception in the case of

joint tenants and coparceners, but he contends that this general rule of law has no application to the conveyance under consideration, since Doty and Mason only acquired an equitable interest in the land entered, and were not invested with the fee, as that remained in the United States until the patent issued, and consequently this release or assignment by Doty, without the word "heirs," was competent to convey all the right and interest which he had in the land at the time it was made. It appears to us that this view of the estate which Doty had in the land by virtue of the entry, and of the nature and effect of his conveyance to Mason is correct, and shows that the instructions were properly refused by the circuit court.

We consider the position sound, that Doty at the time he executed the conveyance to Mason had not, strictly speaking, the fee to the land, but only an inchoate legal title, and that the fee would not become vested in him until the patent issued. "Congress has the sole power to declare the dignity and effect of titles emanating from the United States; and the whole legislation of the federal government, in reference to the public lands declares the patent the superior and conclusive evidence of legal title; until its issuance, the fee is in the government, which by the patent passes to the grantee." *Bagnell et al. vs. Broderick*, 13 Peters, 436; *Stoddard vs. Chambers*, 2 How. U. S. R., 316. The imperfect title acquired by the entry may undoubtedly be sold and assigned before the issuing of the patent, and when the patent issues, the title to the land therein designated will enure to and become vested in a *bona fide* assignee or grantee. *Landes vs. Brant*, 10 How. U. S. R., 348.

But as the fee was not in Doty at the time he executed the conveyance to Mason, the rule which requires that the deed should contain words of inheritance, in order to convey more than a life estate, does not apply. The estate conveyed

was an imperfect title, or an equitable interest, and a deed without the word "heirs," is competent to convey such an interest. This seems to be well settled by the following authorities : *Fisher vs. Fields,* 10 J. R., 494 ; *Higinbottom vs. Brant et al.,* 5 J. C. R., 184 ; *Defraunce vs. Brooks,* 8 W. and S., 67. Besides. the language used in the *habendum* clause of the deed, "to have and to hold said interest and estate of the said Doty unto the said Mason and his assigns, forever," indicates clearly an intention on the part of Doty to transfer to Mason all his interest in the premises. Had Doty been vested with a fee simple estate, then, testing the deed by the strict technical rules of the common law, it might admit of great doubt whether an estate in fee was intended to be conveyed ; but, under the circumstances, no words of inheritance were necessary to pass all of his interest in the land, and, as already observed, when the patent issued, the title enured to the benefit of Doty's grantee. This sufficiently disposes of the questions arising upon the refusal of the court to give the instructions asked.

In is further insisted, on the part of the plaintiff in error, that the deed from Doty to O'Neil, which was introduced in evidence on the trial, showed that the title to a part of the lot in controversy was out of the defendant in error, and therefore he ought not to have been permitted to recover the entire property. But it is a sufficient answer to this objection, that no instruction was asked for or given as to the effect of this deed. The circuit court charged the jury that the plaintiff must show an unbroken chain of title in fee from the United States to himself; that he claimed to own the land in question in fee, and to entitle him to recover against the defendant in the action, it was incumbent upon him to show that all the conveyances under which he claimed title, convey to him the fee to the land. If the plaintiff in error required any more specific instruction upon the O'Neil con-

veyance, and its bearing upon the title established by the defendant in error, he should have called the attention of the circuit court to it. It cannot be maintained that the court did not, in the general charge, lay down the law fairly and correctly, which was applicable to the case.

Some other questions were raised and discussed by counsel, but as no motion was made for a new trial, they are not properly before us upon the record.

We must, therefore, affirm the judgment of the circuit court.