MASON FERGUSON v. THOMAS GRAVES and others.

July Term, 1873.

1. **Evidence: Competency: Admissibility: Objection.** Where evidence is apparently admissible for any purpose, or under any circumstances, the court does not err in admitting the same, unless the reasons for its exclusion are given by the party objecting. [Simpson v. Kimberlin, post, *587; Kansas Pac. Ry. Co. v. Cutter, 19 Kan. 87.]

2. **Instructions.** Where the record does not purport to contain all the instructions given, the supreme court cannot consider those refused. [Pacific R. Co. v. Brown, 14 Kan. 473; Kshinka v. Cawker, 16 Kan. 64; Shepard v. Pratt, Id. 212; Pfeiffer v. Church, 20 Kan. 102; State v. O'Laughlin, 29 Kan. 24; Shadwell v. Hamilton, 24 Kan. 266.]

3. **Exceptions: General: When Insufficient.** A general exception to a whole charge is not available, unless the whole charge is erroneous, or unless the charge in its general scope or meaning is erroneous. [Sanford v. Shepard, 14 Kan. 232; Wheeler v. Joy, 15 Kan. 390; Fullenwider v. Ewing, 25 Kan. 70; Hunt v. Haines, Id. 214; Bard v. Elston, 31 Kan. 276; S. C. 1 Pac. Rep. 565.]

4. **Error: Presumption: Insufficient Record.** Where the motion for a new trial is not contained in the record, the supreme court cannot tell whether the district court erred in overruling the same or not. [Typer v. Sooy, 19 Kan. 599; Nesbit v. Hines, 17 Kan. 317; Hover v. Cockins, Id. 520; Wilson v. Kistler, 7 Pac. Rep. 793.]

Error from Leavenworth district court.

Trespass, brought by Ferguson against Graves and two others to recover damages for destroying fences belonging to plaintiff. The answer stated, among other facts, "that on the line of the fence destroyed there was a road regularly laid out according to law, which was obstructed by said fence, and that Graves was road overseer, and the other defendants were acting under him, and as such overseer, and hands working the road, the said fence was lawfully removed by them, and this and no other was the supposed trespass complained of." The case was tried at the November term, 1871. Some of the instructions given to the jury were these:

"Certain steps and proceedings are absolutely necessary to the jurisdiction of the board of county commissioners; and *unless these steps and proceedings were taken, their action, no matter how regular subsequently, would be utterly null and void, and their action would not be respected, no matter in what manner it was called in question by other tribunals. But if the steps and proceedings necessary to confer on the board jurisdiction to act in the premises were taken, then irregularities subsequently in the proceedings would not invalidate their action, but would be treated by other tribunals as valid and binding on everybody until they were reversed in the proper manner, if there is any provision for reversing their proceedings. The requisite jurisdictional facts or steps in the proceedings are as follows: It must appear that a proper petition, signed by at least twelve freeholders of the county, residing in the vicinity of the road proposed to be established, has been presented to the county board, asking for the establishment of the road. Previous to the presentation of such a petition it must also appear that the customary notice of the presentation of that petition, as the law required, had been given. That is, that a notice had been published in some newspaper in the county, if there is one published in the county, for two weeks before presenting the petition; and that proper notice was posted up in the office of the county clerk of the county, and in each township through which the road is to pass, for at least twenty days before the presentation of the petition. I think where that is done, then the law will confer on the county board the authority to act in the premises. In my judgment, a bond is not essential to the jurisdiction and right of the board to act. Now, in this case, the record of the action of the board has been read in evidence, and also the original petition upon which it is claimed the board acted in undertaking to lay out the road within which it is claimed this fence was situated. This petition purports to be signed by a large number of persons. A petition was presented by a large number of persons, in which it is represented they are residents along the line of the road the petition seeks to have established. There was some testimony introduced in reference to whether these petitioners possessed the requisite qualifications,—some testimony with reference to whether

they were freeholders or not. Now, the term 'freeholder' is applicable only to a person who is the owner in fee-simple of real estate,—who has the absolute, unimpeachable title, or at least a life-estate, in land. Nothing less than a life-estate in land would consti-

*41    tute a person a *freeholder. A lease of land for a term of years, though it be for a term of ninety-nine years, which, as a matter of fact, is longer than most persons live, would not constitute a person a freeholder. The testimony in this case, on one side, went to show that some of the persons who signed the petition were in possession of land, claiming title to it, or exercising acts of ownership over it. Open, peaceable possession is evidence from which the jury may find ownership of land in a case of this kind. But if the testimony shows that notwithstanding they are in possession they had only a title bond to it,—that is, such a bond as the plaintiff has introduced in evidence in the case,—it would not technically constitute a person a freeholder. But while it is necessary that the signers should have the qualifications prescribed by the statute, and while in a review of the proceedings if it should clearly appear that the signers were persons who had no right to sign the petition, the reviewing authority would reverse the action of the board, because the board have no right to act on a petition of persons who had no right to sign the petition, yet, in this case, I am not disposed, where the matter is called in question as it is, and several years after, to hold that should some or even all the petitioners not possess the requisite qualifications required by the statute, yet, if they were residents along the line of the road, occupying and living on the land, and put in possession of it under a bond from the railroad company, similar to the bond of the plaintiff, that it would invalidate the action of the county board. So I instruct you, as a matter of law, that even though you should find that the signers were not twelve freeholders, that would not invalidate the action of the county board."

Verdict and judgment for the defendants.

*English & English,* for plaintiff in error.

*Green & Foster,* for defendant in error.

VALENTINE, J. In 1867 a county road running from Leavenworth city, south, to the town of De Soto, on the Kansas river, was laid out and established; or, at least, it was attempted to be laid out and

*42    established. A portion of *the road was located on a section line on the east side of the plaintiff's land. Immediately after this road was laid out it was opened for the public travel. There was some evidence tending to show that the plaintiff signed the original petition for the location of the road; and, without question, he recognized the existence of the road after it was laid out and opened, in various ways. At one time he remonstrated against a change in the location of the road for the following among other reasons, to-wit: "That it [the road] has been laid out on the best ground, and in every

instance on section lines where it was possible; that where it crosses any land it was so located before any of the lands were sold by the railroad owner, and was appraised and sold to the petitioner [for the change] at a lower price on account of the location of the road over them; that the road works no hardships on the owners, as they purchased with knowledge of the road at small prices; that the change will require thousands of dollars to be expended to bridge and open the same; that the road will be lengthened, and the road more hilly," etc. The plaintiff has enjoyed the benefits of this road for several years. He repeatedly promised the road overseer to remove out of the road a portion of his fence which was in the same, but always failed to do so; and when the road overseer, in July, 1871, gave notice, and moved the fence himself, the plaintiff commenced this action against the road overseer, Graves, and those who assisted him in moving the fence, claiming that they had committed trespass. And the ground upon which he claims that the removal of the fence was a trespass is that there were some irregularities in laying out and establishing said road, and therefore that the road was not and never has been a legal and valid road. The judgment below was for the defendants and against the plaintiff for costs, and he now seeks to reverse that judgment by this petition in error. The assignments of error are as follows:

"(1) The district court erred in admitting the record of the road proceedings offered in evidence by defendants to go to the jury. *(2) Said court erred in permitting the remonstrance to go to the jury. (3) The court erred in refusing the instructions asked by plaintiff. (4) The court erred in the instructions given by it to the jury. (5) The court erred in overruling plaintiff's motion for a new trial."

The first and second assignments are not well taken. We perceive no error in permitting said evidence to go to the jury; and we perceive no good reason for asking for its exclusion. If there was any such reason, the reason is not obvious, and the plaintiff took no trouble to make it obvious to the court below.

The objections to the evidence and the exceptions to the rulings of the court thereon are stated in the record as follows: "To the reading of which record plaintiff objected, which objection was by the court overruled, to which ruling of the court the plaintiff at the time excepted, and now excepts, and said record was read. The defendants then offered in evidence the following five papers, purporting to be the original papers in the foregoing road case, to the reading of which papers the plaintiff objected, and the court overruled said objection, to which ruling of the court plaintiff excepted, and excepts, and said papers were read to the jury."

These were the only objections and exceptions to said evidence and to said rulings, and they were not sufficient. The evidence would seem to be admissible, at least, under the discretion of the court.

Leavenworth v. Laing, 6 Kan. *284, *285. And that where evidence is apparently admissible for any purpose, or under any circumstances, the court does not err in admitting the same, unless the reasons for its exclusion are given by the party objecting, has been repeatedly decided by this court.

The record does not purport to contain all the instructions given, and hence we cannot consider those refused. This has also been decided frequently in this court. A question might also be raised as to the sufficiency of the exception to the refusal of the court to *44 give the instructions. Sumner v. Blair, *9 Kan. *521, *530.

The exception was general to a large number of different instructions refused.

The charge of the court to the jury was very lengthy, containing more than 3,500 words, and embraced many different subjects. The plaintiff excepted to the giving of said charge in the following manner: "To the giving of which charge by the court the plaintiff at the time excepted, and now excepts." This was the only exception to the charge, or to any portion thereof, and it was certainly insufficient. Sumner v. Blair, *supra;* Atchison v. King, 9 Kan. *550, *560. A general exception to a whole charge is not available unless the whole charge is erroneous, or unless the charge in its general scope or meaning is erroneous. The charge in the present case is not subject to any such objections.

The motion for a new trial is not contained in the record, and therefore we cannot tell whether the court below erred in overruling it or not.

The judgment of the court below is affirmed.

(All the justices concurring.)