## S. F. NESBIT v. M. O. HINES.

1. NEW TRIAL; *Motion, When to be Filed.* Where a motion for a new trial is not filed within the statutory time, the district court does not err in overruling it.

2. —————— *Practice.* The supreme court will not in a case tried by a jury set aside a judgment of the district court on account of error in the admission or rejection of testimony, or in the instructions, when it appears that a motion for a new trial on account of such error has been overruled by the district court because not filed in time.

3. —————— *Waiver.* Any matter for which a new trial may be granted, is waived by the neglect of the party to move for a new trial.

*Error from Doniphan District Court.*

THE facts, pleadings, and proceedings, sufficiently appear in the opinion of the court. *Hines,* as plaintiff, had judgment for $293, and costs, at the March Term 1875, of the district court, N. P., judge *pro tem.,* presiding, and *Nesbit* brings the case here.

*W. D. Webb,* for plaintiff in error, contended that a motion for a new trial is unnecessary. The only question it raises in this court, if overruled, is, whether or not the court below erred in overruling it. 12 Kas. 39, 44; Civil Code, § 542. The bill of exceptions is made a part of the record in this case, and errors appear therein, to-wit, the excluding of competent testimony, and the giving of erroneous instructions.

*A. Perry,* for defendant in error, submitted, that as the motion for a new trial had not been made and filed within

three days after the return of the verdict, the errors complained of, even if they existed, were waived.

The opinion of the court was delivered by

BREWER, J.: Action on a note. The petition was in due form. The answer was, failure of consideration. On trial, defendant offered testimony in support of his answer. The testimony was rejected, and exceptions taken. The court then instructed the jury that the defense had failed, and to return a verdict for plaintiff, which was done. Exceptions were taken to the instructions. The verdict was returned on March 27th. A motion for a new trial was filed April 5th. The grounds of the motion were the matters above stated. The motion was overruled. This ruling was right. The motion was filed out of time. Gen. Stat. 687, § 308; *Mitchell v. Milhoan,* 11 Kas. 617. If it had been sustained it would have been error calling for a reversal. *Odell v. Sargent,* 3 Kas. 80. Where the grounds of a motion for a new trial do not appear, it is impossible to determine whether there was error in overruling it. *Ferguson v. Graves,* 12 Kas. 39.

Counsel for plaintiff in error would ignore the motion filed in the district court, and ask us to grant a new trial because of the errors on the trial. Can this be done? If it can, the motion for a new trial is a useless ceremony, and might as well be abandoned altogether. A party has no abstract, inherent right to a new trial. He has a right because and so far only as the statute gives it to him. It prescribes the way to obtain it, and that is by motion filed within three days. If he fails to pursue this mode he loses the benefit of any errors on the trial, and is concluded as to all matters occurring at the trial. It will be noticed that the errors complained of are only those occurring on the trial, and that the relief sought is strictly and solely a new trial because of such errors. It is not pretended that the pleadings do not warrant the judgment, or that there are any errors apparent in the record except in those proceedings of the trial which are brought into the record solely by bill of exceptions. It

would seem a contradiction to hold that the district court properly overruled a motion for a new trial founded upon certain errors in the trial, and at the same time that a new trial must be granted because of those same errors. It is a common ruling, that where it is claimed that the verdict is against the evidence a motion for a new trial founded upon that claim must be decided by the district court before the question will be considered in the reviewing court. *Polk v. The State*, 3 Mo. 544; *Floesch v. Bank*, 10 Mo. 516; *Rhodes v. White*, 11 Mo. 623; *Poyne v. The State*, 13 Mo. 444; *Kepner, Adm'r, v. Snively's Adm'r*, 19 Ohio, 296; *Westfall v. Dungan*, 14 Ohio St. 276; *Donohue v. The County*, 2 Penn. St. 230; *Farris v. The State*, 35 Ga. 241; *Hayward v. Ormsbee*, 11 Wis. 3; *Jewitt v. Whalen*, 11 Wis. 124; *Barnes v. Barber*, 1 Gilman, 401; *Smith v. Gillett*, 50 Ill. 290; *Kent v. Lawson*, 12 Ind. 675; *City of Aurora v. West*, 22 Ind. 88; *Hallock v. Iglehart*, 30 Ind. 327. The ruling is not so uniform where the alleged error consists in admitting or rejecting testimony, or in the instructions. In the cases from Missouri and Indiana, above cited, the ruling is, that such error will not be considered in the absence of a motion for a new trial. So also is the decision in *Evans v. Lohr*, 2 Scam. 511. But the contrary is held in 11 Wis. 3, and 50 Ill. 290. This latter case reviews and disapproves of *Evans v. Lohr*, supra. And many cases can be found in which the courts of review have set aside the judgments of lower courts on account of error in respect to the testimony or instructions, when no motion for a new trial was filed. Doubtless such rulings were correct, though we are not sufficiently familiar with the practice or statutes of the states in which these decisions appear, to have any opinion upon the question. Perhaps such matters were not proper subjects of motions for new trial, or such motions may have been (as in some decisions they are said to be) merely addressed to the discretion of the trial court, and therefore the ruling on them not the subject of review. In the case of *Kent v. Lawson*, supra, it is said that "any matter for which a new trial may be granted is waived by the neg-

lect of the party to move for a new trial;" and such seems a fair statement of the rule as it obtains in the practice here. The granting of new trials is not a matter of discretion with us. It is a matter of strict right. Special grounds for the motion are named in the statute. "Error of law occurring at the trial, and excepted to by the party making the application," is one. Gen. Stat. 687, § 306. Error lies to this court from an order granting or refusing a new trial. Gen. Stat. 736, § 542. But it is said that this court may reverse the judgment of the district court for "errors appearing on the record," (Gen. Stat. 735, § 542,) and this error is brought onto the record by bill of exceptions. If a bill of exceptions is proper in any case, and without reference to whether there be a motion for a new trial, it would seem that any error that occurs may be reviewed by the supreme court without any motion for a new trial. In such case the value of those provisions of the code concerning new trials would seem slight. It cannot be meant that the supreme court *must* reverse for any error which it finds on the record. Some errors work no prejudice, and are immaterial. Some are not excepted to, and some are waived. Among those waived are "errors occurring at the trial" and not presented in a motion for a new trial.

The judgment will be affirmed.

All the Justices concurring.