## LEWIS W. HOVER v. COCKINS AND McCARROLL.

1. MOTION FOR NEW TRIAL, *To be Considered Must Appear in Record.* Where the record fails to contain the motion for a new trial, this court cannot say whether there was error in overruling it, nor pass upon questions in the admission of testimony, or the sufficiency of the evidence to support the findings, or verdict.

2. VALUE OF DEBT NOT DUE; *Rule for Ascertaining.* The present worth of a debt payable at a future time is ascertained by dividing the face of the debt by the amount of $1.00 for the given rate and time, and the quotient is the present worth.

*Error from Douglas District Court.*

THIS action, like the one next preceding, was commenced by *Hover* to recover money alleged to have been paid and forfeited upon usurious contracts. The petition was as follows:

(*Court, and Title.*) "The plaintiff complains of the said defendants, W. W. Cockins and James H. McCarroll, and says, that on the 7th of November 1870, at Lawrerce, Douglas county, state of Kansas, they drew and caused to be signed by the said plaintiff a certain promissory note payable to defendant McCarroll or order for the sum of $1,530.64 with interest at the rate of twelve per cent. per annum four months after date; that the plaintiff received on the above note in fact only $1,439.24, the remainder, being usurious and illegal interest, to-wit, interest at the rate of eighteen per cent. per annum for four months over and above the twelve per cent. per annum allowed by law, amounting to $91.40, being added to the said amount $1,439.24 to make the amount called for in the note, to-wit, $1,530.64; that the note before mentioned was secured by a mortgage upon the lands of the plaintiff, to-wit, the home farm of the plaintiff situated in said Douglas county; that judgment was rendered on said note for $1,530.64 in the district court of said Douglas county against the plaintiff on suit by R. S. George, assignee of defendant McCarroll, and plaintiff's said land sold under said judgment, which sale was confirmed to W. W. Cockins June 8th 1872, to which time the plaintiff continued to pay interest at the rate of twelve per cent. per annum on the above note of $1,530.64; that the interest thus paid was $290.80 in addition to the $91.40 advance interest, in all amounting to $382.20. The plaintiff further complains of said defendants, that after the sale of his farm as aforesaid they refused to release the judgment against him, and on the 5th of September 1872 they compelled him to assign to them notes, secured to him by chattel mortgages arising from the enforced sale of his personal property, amounting to $450, and other notes, to obtain such release; that subsequently, and on the 9th of November 1872, he paid a note of $250, interest at twelve per cent. for seven months and twelve days, said interest amounting to $18.50; that on or about the 25th of December 1872 he paid the note of $200, with $16 interest: all this at the town, county and state aforesaid.

"The plaintiff therefore prays a judgment againt the defendants for the sum of $382.20, with interest from June 5th 1872; for the further sum of $18.50, with interest from November 9th 1872; and for the further sum of $16, with interest from December 25th 1872; that the judgment of R. S. George against him be discharged of record, and for such other relief as equity and good conscience demands."

Answer, general denial. Trial at the April Term 1874, at which time judgment was rendered for plaintiff, which judgment was afterward, at the October Term 1874, modified, and judgment entered for the defendants for their costs. *Hover* brings the case here on error.

*L. W. Hover,* plaintiff, for himself.

*Thacher & Stephens,* for defendants.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error, plaintiff below, to recover usurious interest. The record contains these matters—first, the pleadings; then a bill of exceptions, showing the testimony given on the trial, and stating that the court gave its finding and judgment for plaintiff for $192.80; that the plaintiff excepted thereto, and filed his motion for a new trial, which motion was continued to the next term of the court; that the court then overruled said motion, and modified its judgment, finding now for the defendants, on the ground that the previous computation was erroneous, and giving judgment against the plaintiff for costs. After the bill of exceptions appear certain findings of fact and conclusions of law, and the judgment of the court, and then a journal entry showing that the motion of both parties for a new trial came on for hearing, and that the court sustained the same to the extent of modifying the judgment, by changing it to a judgment for defendants. - No motion for a new trial on the part of either party is copied into the record, and nothing to indicate what grounds were presented in any such motion, other than may be inferred from the statement in the bill of exceptions as to the error in computation. All

that we are informed is, that the court took certain action on motions filed.　Of course then, we cannot say that there was any error in overruling or sustaining the motions.　*Furguson v. Graves,* 12 Kas. 39; *Nesbit v. Hines,* ante, p. 317.

Nor can we consider any question in the admission or rejection of testimony, nor whether the findings are supported by the evidence.　The only inquiries open to us are, whether the petition states a cause of action, and whether under the pleadings and findings of fact a judgment in favor of the defendants appears to be so erroneous as to compel a reversal. And upon those inquiries it is clear that the judgment must stand.　The error made by the court in the first computation is patent.　As a part of the computation it became necessary to find the present worth, at the time of sale, of several notes due respectively in one, two, three, and four years thereafter. To ascertain this, the court computed the interest on the face of the notes for such years, and subtracted that amount from the principal and called the result the present worth, while the correct rule is, to divide the face of the debt by the amount of $1.00 for the given rate and time, and the quotient will be the present worth.　The difference in favor of the defendants between the two methods of computation more than exceeded the amount found due the plaintiff, and therefore the court properly changed the judgment.

It is unnecessary to consider any other questions in the case, though we may remark that it seems very doubtful whether the petition states facts sufficient to constitute a cause of action.

The judgment will be affirmed.

All the Justices concurring.