MARY A. TYPER v. E. C. SOOY.

1. MOTION FOR NEW TRIAL—*Must be Preserved in Record.* Where the motion for a new trial is not preserved in the record, nor the grounds therefor stated, this court cannot hold that the district court erred in overruling the motion.

2. SPECIAL FINDING—*When to be Made. Judgment; Error not Presumed.* In cases tried by the court without a jury, no special findings are necessary unless requested; and where in the journal entry of the judgment there appeared only one finding of fact, and the proper judgment is entered upon the pleadings and that single finding, and the record discloses no request for special findings, no exception to that finding, no application for additional findings, and no motion to set aside the judgment for lack of findings on other questions of fact, an appellate court cannot say that there was error in the judgment, even if the district court stated an erroneous conclusion of law from the fact found.

*Error from Barton District Court.*

ACTION by *Mary A. Typer* as plaintiff, to establish a trust, and compel a conveyance. Plaintiff's petition set forth, that on 6th September 1872 plaintiff was an inhabitant of the city of Great Bend, Kansas, that said city was laid out and located on section 28, township 19, range 13 west, in said county of Barton; that she was a joint occupant with *E. C. Sooy*, the defendant, of lots 23 and 24 in block No. 101 in said city, and a joint owner with him of the improvements thereon; and that as such joint occupant and joint owner she was entitled to an equal participation with defendant in the benefits accruing from a certain contract made and entered into in December 1873 between the occupants of said town-sites and the Great Bend Town Company, (setting forth such contract;) that under such contract commissioners were appointed to make a division of the town-site, between the Town Company and the occupants, according to their several and respective interests; that *Sooy*, the defendant, had appeared before the commissioners, and at his instance and request had had allotted and set off to himself both said occupancy lots, and the portion of the unoccupied part of the

town-site which under the division accrued to said occupancy lots; that he had also taken a deed of conveyance to himself from the mayor of said city for the whole of said property, when he should have taken the same to himself and the plaintiff jointly; that in pursuance of the terms of the contract he had conveyed a portion of the lots so deeded by the mayor to him, to the Great Bend Town Company, and that he had also sold and conveyed a portion of the lots, and had appropriated the money the proceeds thereof to his own use; that plaintiff was entitled to one-half of said proceeds, less one-half of the assessments made by the commissioners and paid by defendant under the contract, and one-half the taxes paid by him, and that said *Sooy* then held the legal title to the undivided one-half of all the residue of said lots in trust for the plaintiff; that she had demanded of defendant an accounting, and one-half the proceeds of the lots sold by him, less her share of the assessments, taxes, and expenses paid by him, and prayed for an accounting, for her one-half share of the proceeds received for lots sold, and for a conveyance of the undivided one-half interest in the property unsold, described in said prayer. *Sooy* answered, a general denial. Trial at March Term 1876 of the district court. Defendant objected to any evidence being received, on the ground that the petition showed no cause of action. Objection overruled. The finding of fact and conclusion of law are copied in the opinion, *infra.* Judgment in favor of defendant, and plaintiff brings the case here.

*Clayton & Clayton,* for plaintiff, contended, that, if the law and the evidence made it apparent to the court that the court had no jurisdiction, as indicated by its findings, then its decision should have been a dismissal of the action; but if the court had jurisdiction to hear and determine the equitable rights of the parties, (and of this there can be no question,) and if the evidence shows Typer to have been a joint occupant and joint owner (or in other words, a tenant in common,) with Sooy of the lots and improvements thereon,

(and of this there can be no doubt,) then judgment should have been so prayed for in her petition.

2. The court failed to fully find the essential facts. It is essential that the finding upon the facts be explicit, and cover all the material facts in the case. (20 How. Pr. 282.) The single fact found by the court is not sufficient to sustain the judgment rendered. Three principal questions of fact were raised by the pleadings, viz.: 1st, Was the plaintiff a joint occupant and owner with the defendant of said lots 23 and 24 on the 6th of September 1872, and as such entitled to a one-half interest in that property and in the property accruing to it under the contract between the occupants of the town-site and the town company? 2d, Was the property in question set off by the commissioners to the defendant? 3d, Did the defendant at the commencement of the action hold the legal title to any of said property, or hold any proceeds of any of said property, *in trust for the plaintiff?* These were the principal and vital questions in the case raised by the pleadings. The last one was perhaps a mixed question of law and fact, but each demanded a finding, either affirmative or negative. The court found but one of them, and that one the least important. Plaintiff alleged that one in her petition. It was one of her complaints, as were the others. The two most material questions were not covered by the finding of the court, and yet to sustain the judgment it was necessary that it should have found both of them in the negative. Who can tell from the finding of the court whether the plaintiff had any interest in the property which the commissioners had set off to the defendant? The one fact found by the court might be true, *was true,* but the other facts alleged might also be true, and she might be entitled to all she prayed for. If the court had found all the facts, no doubt they would all have been found in the affirmative, as alleged by the plaintiff. We claim therefore that the single fact found by the court is not sufficient to sustain the judgment, and 'that the judgment is therefore erroneous. (12 Cal. 125.) In the case of *Everett v. Lusk,* decided recently by this

court, (which case is especially applicable to the case at bar,) this court use the following language: "But the court has failed to fully find the facts of the case. Who can tell from the foregoing findings where the boundary line between the northeast quarter of sec. 9 and the northwest quarter of sec. 10 is, or who can tell where the quarter-section corner between sections 9 and 10, or the section corner between sections 3, 4, 9 and 10 is located? Neither said boundary line, nor either of said corners, is mentioned in said findings, and yet the location of this boundary line and the location of these corners are really the only contested questions in the case. Now such defective findings will hardly sustain a judgment, and particularly a judgment against the plaintiff. Such judgment could be sustained only upon a finding or findings establishing in effect that *none* of the land in controversy belongs to the plaintiff. Now the findings in this case do not establish any such thing. On the contrary they may all be strictly true, and yet the plaintiff may be the owner of every foot of the land in controversy." In the case at bar, the court in its finding says nothing about whether the plaintiff had any interest in the property, nor does it say whether the defendant held any of the property or its proceeds in trust for the plaintiff; and yet these were really the only contested questions in the case. But the court was possessed with a mistaken idea that the plaintiff had not brought the right kind of an action; that she could not treat the defendant as a trustee, and compel him to convey and to account, but should have commenced an action to set aside the action of the commissioners, for fraud; hence the erroneous conclusion of law. But the judgment of the court is erroneous even upon the theory that the conclusion of law was correct. In that case it should have been dismissed. It is apparent that error was committed by the court to the prejudice of the plaintiff; and if an error has been committed which may possibly have prejudiced the appellant, judgment should be reversed. 20 N. Y. 476; 19 N. Y. 299; 1 E. D. Smith, 411; 19 Wend. 232; 2 Hall, 40.

*Samuel Maher*, and *Ruggles, Scott & Lynn*, for defendant in error, submitted, that the record brought to this court does not contain any motion for a new trial, and nothing that would indicate there ever was a motion for a new trial made or filed, except the following clause: "Now on this day this cause came on to be heard on the motion of the plaintiff to set aside the decision of the court rendered this day in said cause, and to grant a new trial, and the court having heard the argument of the counsel does overrule said motion, to which ruling the plaintiff excepted and excepts." And there is nothing in this to indicate what grounds (if any) were alleged in said motion as grounds for a new trial; and very likely the court below overruled it because there were no grounds stated, or because if any were stated they were wholly insufficient, or on account of its informality; for it seems from the recital above quoted, that it was a motion to set aside the decision of the court, and not to set aside any findings of fact or conclusion of law. However this may be, this court cannot say that the record affirmatively shows that the court erred in overruling the same. (12 Kas. 39; 17 Kas. 518.) And this being so, this court cannot review any ruling of the court below made at or during the trial, nor any matter specified as a ground for a new trial in § 306 of the code, among which is errors of law occurring at the trial, and duly excepted to. 13 Kas. 269; 17 Kas. 316, 518. Suppose that portion of the record above referred to was not before this court: could this court say from what remains, to-wit, the petition, answer, and what purports to contain the substance of the judgment of the court, that the court below erred in its judgment? It will be observed that there is nothing to show that there was any request on the part of either party for separate findings of fact or conclusions of law, and there is nothing to show that the court below did not make numerous findings of fact and conclusions of law, all of which might have been conclusive against plaintiff in error, and without objection or exception on her part; nor is there anything to

show that the judgment in the case was based on the finding
and conclusion appearing in the record. And even to these
there is neither .objection nor exception, but only a general
exception to the "order" of the court. And we say that the
court did not err in rendering a judgment for the defendant
on the finding; but if the court did err, how is this court to
know it? There is nothing in the record that this court can
notice that discloses that the plaintiff could by any possibility
have had judgment in her favor. If there are not findings
of fact sufficient to entitle the plaintiff to judgment, then of
course the court was bound to render judgment on such find-
ings in favor of the defendant. (5 Kas. 663.) It might have
been error for the court below to have found as few facts as
the record exhibits if the plaintiff had requested fuller or
additional findings, but no such request appears in the record.
Suppose the court, after looking through this record, should
think that substantial error appears prejudicial to plaintiff in
error, what will the court do with the case? The plaintiff
cannot have a new trial, because she has not asked for it in
the court below, and the court cannot grant a new trial when
no application has been made for one in the court below.
2 Kas. 338; 5 Kas. 569.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought her action in the district
court of Barton county, claiming to be joint-owner with de-
fendant of certain property in the city of Great Bend, that
the latter held the legal title thereto in trust for her, and
asking that he be compelled to convey. The defendant de-
nied generally. The journal entry of findings and judgment
reads as follows:

"The court after hearing the testimony of the witnesses,
and the arguments of counsel, and being fully advised in the
premises, does find as a fact, that the lots in question were
by the commissioners set off to E. C. Sooy; and as a conclu-
sion, that the action of the commissioners is conclusive, and
cannot be set aside except for fraud, and then only by a direct
proceeding instituted for that purpose. It is considered and

adjudged by the court, that the said defendant, E. C. Sooy, have judgment," etc.

Now while the record gives the testimony adduced on the trial, and states that a motion for a new trial was overruled, it does not contain such motion, nor state the grounds upon which it was based. Hence we cannot say that the district court erred in overruling it; (*Ferguson v. Graves*, 12 Kas. 39; *Hover v. Cockins*, 17 Kas. 518;) nor inquire into any errors alleged to have been committed during the trial, either in the admission or exclusion of testimony, nor into the sufficiency of the testimony to sustain the findings. *Ayres v. Crum*, 13 Kas. 269; *Nesbit v. Hines*, 17 Kas. 316; *Hover v. Cockins*, supra. Upon this counsel for plaintiff invoke the aid of the case of *Everett v. Lusk*, recently decided by this court, (*ante*, p. 195,) and say, that the fact found by the court does not sustain its conclusion of law, and therefore does not warrant a judgment adversely to the plaintiff; that the court did not find upon all the issues of fact tendered by the pleadings; that if it had done so, the findings which from the testimony it must have made would have compelled a judgment for plaintiff; that the facts that the legal title to said lots was in defendant, and that it had passed to him by the award of the commissioners, were alleged by her in the petition, and that the basis of her claim was the fact that at the time of entering the town-site she was a joint occupant of the lots and a joint owner of the improvements thereon, and that upon these matters the court made no findings. In other words, the court in substance held that her petition did not state facts sufficient to constitute a cause of action; that in this it erred; that the error is apparent, and the exceptions duly preserved. Counsel have in this framed an argument of great plausibility, but one to which, nevertheless, we are constrained to say we cannot yield our assent. And first, we think they misunderstand the scope of the decision in *Everett v. Lusk*. There, plaintiff had sued to recover a strip of land in the possession of defendant, and which was along the boundary between the respective tracts of plaintiff and de-

fendant, and belonged wholly to plaintiff, or wholly to defendant, or partly to each, according as the true boundary line ran. Now the possession being wholly in the defendant, the finding implied that plaintiff was entitled to part of the strip; but because the court was uncertain as to the exact boundary line, (or in other words, uncertain how much of the strip plaintiff was entitled to,) it rendered judgment in favor of defendant for all. This illustration may perhaps make the principle clearer: A. sues B. for $1,000. The court finds that A. is entitled to recover an amount somewhere between $200 and $600, but the exact figures it is unable to give, and therefore renders judgment for defendant. But in the case at bar there is nothing in the finding of fact from which any implication of right in the plaintiff arises. So far as it goes it shows only right in the defendant. Concede that it be, as counsel contend, not conclusive of defendant's title, and that it is a fact consistent with plaintiff's rights, yet it does not tend to show any right in plaintiff, and only supports defendant's title. So that there was clearly no error in rendering a judgment for defendant upon the fact found. But say counsel, the conclusion of law does not follow from the fact found. Concede that, and it would be simply a wrong reason for a right judgment.

But again, say counsel, there were other facts in issue, upon which proof was offered, and upon which special findings should have been made. But no special findings are necessary unless requested by the parties, or one of them, (*Major v. Major*, 2 Kas. 337; Gen. Stat. p. 684, § 290;) and no request for findings appears in the record — no exception to the finding as made, no motion for additional findings, and no application to set aside the judgment for lack of findings on all the matters in issue. Hence it is impossible to say that the court erred in not making further findings. It may have found upon the only matter upon which a special finding was asked. What it might have found upon the other matters concerning which testimony was offered, we cannot tell. There was testimony on both sides. Reduced

to writing, it may appear to us to preponderate in one direction; when heard from the lips of living witnesses, it may have led the mind of the district court in the other direction. But be that as it may, as was said in the case from 2 Kas. *supra,* "it is only errors apparent upon the record, that this court can take cognizance of, and those are errors of law. We cannot retry the case upon its merits." It is useless therefore for us to speculate as to the conclusion to which the testimony might lead us in those matters. If counsel desired to have them presented for examination here, they should have asked special findings; and the court would then have made such findings, or they could have alleged error in its refusal to find. While it may be, that if the case came before us for review upon the testimony, as under the old practice chancery cases went up on appeal, we should come to a different conclusion as to the rights of the respective parties, yet, as the record stands, we see no error of which the plaintiff can avail herself, and the judgment will have to be affirmed.

All the Justices concurring.