L. PFEIFFER, *et al.*, v. UNION EVANGELICAL CHURCH.

INCOMPLETE RECORD; *Alleged Errors, to be Reviewed, Must be Properly Saved, and the Record Must be Full and Complete.* Where by amendments to a case-made, allowed by the court, a certain series of instructions and certain documentary testimony referred to, but not written out, are directed to be inserted, and such series of instructions and testimony are not incorporated into the record. as brought to this court, but in lieu thereof appears the statement of the clerk that he cannot find them, *held,* that upon a record so incomplete no error can be predicated as to any ruling or decision which might in any manner directly or indirectly be affected by such absent matter.

### Error from Nemaha District Court.

A QUESTION of practice only, is here decided, and the opinion contains a sufficient statement of the proceedings. Judgment was given at October Term 1875 of the district court in

favor of the *Union Evangelical St. Johns Church of Nemaha County*, as plaintiff, against *L. Pfeiffer* and *St. Johns Lutheran Evangelical Church*, defendants, decreeing "that the plaintiff have possession and control" of a certain church-building and grounds; "that the plaintiff be let into possession of said property, and that the defendants and each of them refrain from interfering with said church property, or with the plaintiff in the management and control thereof, and that the plaintiff recover of and from the defendants their costs." The defendants bring the case here.

*J. E. Taylor*, and *Simon Conwell*, for plaintiffs in error.

*W. D. Webb*, and *Jas. P. Taylor*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is one of those strangely imperfect records, upon which it is simply impossible to predicate error in the rulings of the district court. The action was, in substance, a controversy between two church organizations for the possession of the church-building. Commenced as an action of forcible detainer before a justice of the peace, it was transferred at the instance of the defendants, now plaintiffs in error, to the district court. After judgment, leave was given to make a case, which some eight months thereafter was, with amendments, filed in the clerk's office. The errors alleged are in the instructions, the admission of testimony, and its sufficiency to sustain the judgment. As to the instructions, it nowhere appears that all are preserved. On the contrary, it affirmatively appears that some were given which are not before us. The 19th amendment to the case-made, suggested and allowed, directs the insertion of the "instructions given by the court for the defendants," upon which the clerk simply minutes the statement, that "no instructions given by the court can be found by clerk." How far these instructions, whose existence is affirmed by the judge, and which by his allowance are made part of the case, but which are in fact wanting from the record, may have

affected the case, we can only conjecture. The record only contains such of the instructions asked by the defendants as were refused. Perhaps these were refused because in effect but repetitions of others asked and given.

So, as to the testimony. The case as prepared by plaintiffs in error recites that the parties offered evidence " tending to show" various matters, without narrating the testimony as it was given. The amendments allowed by the court direct the insertion of certain articles of association, and certain deeds from the original owner of the land, which articles and deeds are not inserted, but in lieu thereof is the minute of the clerk that they cannot be found by him. Now the most of the instructions given at the instance of the plaintiff are based upon these deeds and articles. How can we say that the court misconstrued them, or that they were not in fact decisive of the case? It would be useless to inquire whether any particular ruling of the court in the admission of testimony was wrong, when these instruments which are apparently the foundation of plaintiff's claim, and may have been decisive of the case, and which were by the court directed to be made a part of the case, are omitted from the record. We must have a complete record before we can hold that the trial court erred in its ruling. *Wilson v. Fuller,* 9 Kas. 176; *Morgan v. Chapple,* 10 Kas. 217; *Da Lee v. Blackburn,* 11 Kas. 190; *Ferguson v. Graves,* 12 Kas. 39; *Railroad Co. v. Brown,* 14 Kas. 469; *A. & N. Rld. Co. v. Wagner,* 19 Kas. 335.

The judgment will be affirmed.

All the Justices concurring.