M. J. ILLINGSWORTH *et al.* v. WM. N. STANLEY *et al.*

1. NEW TRIAL — *Motion, Overruled — No Copy in Record.* Where the record recites that a motion was made for a new trial and overruled, but does not contain a copy, nor show upon what ground it was based, this court cannot say whether the district court erred in overruling the motion; and therefore all questions occurring at the trial are excluded from consideration in this court.

2. ———— The petition filed in this case was sufficient to sustain the judgment.

*Error from Coffey District Court.*

ACTION to quiet title. The opinion states the facts.

*Kellogg & Sedgwick,* for plaintiffs in error.
*Silas Fearl,* for defendants in error.

Opinion by HOLT, C.: This action was tried at the April term, 1886, of the Coffey district court, by the court without the intervention of a jury; it found generally for the plaintiffs below; the defendants bring the case here for review. They filed a motion in the court below for a new trial, which was overruled, but the motion is not embodied in the case-made, nor are the grounds set forth therein shown; we therefore cannot consider any of the errors that arose during the trial. (*Ervin v. Morris,* 26 Kas. 664.) The only question which we can consider is whether the petition states a cause of action sufficient to sustain the judgment rendered in this action.

The relief sought was to quiet the title of plaintiffs to the land described. The petition states that Mary J. Illingsworth, through her agent Geo. N. Illingsworth, sold 435 acres of land to plaintiffs; at the time of sale a deed was given for 155 acres, and the certificates of sale of school land for 200 acres more were assigned; $600 of the purchase-price was reserved because the certificates of sale of 80 acres were not at hand at the time of the transaction. An agreement in writing was entered into between the parties, to the effect that when

these certificates of sale, or their duplicates, should be produced and assigned, the $600 should be paid over. There was a misdescription of the certificates of sale mentioned in the agreement. The missing certificates were for the south half of the northwest quarter of section 16, town 22 and range 15, but were described as being for the north half of said quarter-section. The 80 acres of school land were purchased by one Puffer, but before the time of this sale to plaintiffs he had assigned the certificates of sale to Mary J. Illingsworth. The plaintiffs took possession of the whole 435 acres, which were inclosed, and brought an action to quiet title, alleging that they were the owners, and that defendants claimed some estate and interest in the real estate described, adverse to the interest of plaintiffs.

It is claimed that there is no allegation in the petition that Mary J. Illingsworth was the owner of the land described in plaintiffs' petition. It contains an allegation that the land was sold by her to plaintiffs; further, that in a contract for sale executed by her she described the land as "my farm of 435 acres." Again, it is stated that plaintiffs learned from Geo. N. Illingsworth the nature of her title to each tract of the whole farm, which statements, it is again averred, were made by Geo. N. Illingsworth at the consummation of the trade; and at the time he repeated that the title of Mary J. Illingsworth to the 80 acres of school land, for which certificates of sale could not then be found, was obtained through one George Puffer, who was the original purchaser. The allegations of the petition are sufficient to sustain the judgment.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.