No. 20,361.

EVA LENNEN, *Appellee*, v. B. C. OGDEN and C. A. OGDEN, *Appellants*.

SYLLABUS BY THE COURT.

APPEAL—*Insufficient Record—Oral Agreement to Adopt.* Rule followed that assignments of error presenting matters which are grounds for a new trial under section 305 of the civil code will not be considered when the record merely shows that a motion for a new trial was made and overruled.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed October 7, 1916. Affirmed.

*C. M. Williams*, of Hutchinson, for the appellants.
*Samuel Jones*, and *Ben Jones*, both of Lyons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a child's portion of real estate which would have descended to the plaintiff as an heir of Geraldine Ogden, deceased, had an agreement to adopt the plaintiff been performed. The plaintiff recovered, and the defendants, claimants of the property as surviving husband and son of Geraldine Ogden, appeal.

The cause was tried before the court without a jury. The testimony of numerous witnesses was received and a number of documents were introduced in evidence. The law of the state of Illinois, where the contract was made, was one of the facts concerning which evidence was introduced. The journal entry of judgment recites that a motion for a new trial was filed

and overruled, but the motion is not preserved and the grounds of the motion are not stated. The defendants make the following assignment of error and no other:.

"The court below erred in rendering judgment for appellee, when by the evidence of appellee and all of the evidence in the case judgment should have been rendered for appellants."

This assignment of error means that the decision is contrary to the evidence, one of the grounds for a new trial under the civil code. (§ 305.) The court can not consider the error assigned. (*Ferguson v. Graves,* 12 Kan. 39, syl. ¶ 4; *Hover v. Cockins and McCarroll,* 17 Kan. 518, syl. ¶ 1; *Typer v. Sooy,* 19 Kan. 593, syl. ¶ 1; *Shadwell v. Hamilton,* 24 Kan. 266, *per curiam* opinion; *Ervin v. Morris,* 26 Kan. 664, syl. ¶ 1; *Morse v. Brunswick & Co.,* 34 Kan. 378, *per curiam* opinion, 8 Pac. 398; *Illingsworth v. Stanley,* 40 Kan. 61, syl. ¶ 1, 19 Pac. 352; *White v. Douglas,* 51 Kan. 402, syl., 32 Pac. 1092.)

In the case last cited the syllabus reads:

"Where the only errors assigned are such as should be brought to the attention of the trial court by a motion for a new trial, and where the record merely shows that a motion for a new trial was made and overruled, but the motion is not preserved, nor the grounds therefor stated, no review can be had."

In the opinion it was said:

"It devolves upon a party who asserts that error is committed to affirmatively show it, and we can not say that the district court erred in denying the motion for a new trial unless the grounds upon which it was based are shown; neither can we inquire into any error alleged to have been committed during the trial, either in the admission or exclusion of testimony, nor as to the sufficiency of the testimony to sustain the findings or the judgment." (p. 403.)

The decisions cited were rendered when one of the grounds for a new trial was that the decision was not sustained by sufficient evidence (Civ. Code, 1868, § 306), but the two forms of expression mean substantially the same thing. (*Knote v. DeShirley,* 84 Kan. 738, 115 Pac. 539.)

It is said the court should assume that the motion contained all the statutory grounds. Such an assumption would be contrary to the court's experience. Motions for new trials do not uniformly contain all the statutory grounds In the case of *Culp v. Steere,* 47 Kan. 746, 28 Pac. 987, an application was made to amend the motion to include an omitted ground. In

recent years attorneys have shown a disposition to omit from
their motions all grounds which they do not intend to urge, and
any ground for a new trial may be waived by not including it in
the motion for a new trial. Besides this, the assumption would
contravene the requirement that error must be made to appear
affirmatively.

The case is an interesting one, and the court has looked into
both the facts and the questions of law involved far enough to
be satisfied that the decision of the district court would be sus-
tainable if the merits were properly open to consideration. It
was not essential that an agreement to adopt be established by
direct evidence. (*Anderson v. Anderson,* 75 Kan. 117, 127, 88
Pac. 743; *Bichel v. Oliver,* 77 Kan. 696, 95 Pac. 396; *Scholz v.
Hoth,* 94 Kan. 205, 146 Pac. 339.) The evidence of the plaintiff
included facts and circumstances raising an implication that
the Ogdens did agree to adopt the plaintiff, which was strongly
reinforced by the conduct of the parties at the time and subse-
quently. Assuming that the agreement was not in writing, it
was not an agreement to convey land or any interest in land,
under the statute of frauds of the state of Illinois, as in the
case of *Pond v. Sheean et al.,* 132 Ill. 312, 23 N. E. 1018. It
was an agreement to create a status, a domestic relation. In
the case of *Crumley v. Worden,* 201 Ill. 105, 66 N. E. 318, cited
by the defendants, the child was not taken under an agreement
to adopt. The evidence was as follows:

"On the Sunday following the expiration of the two weeks the mother
came and said to Mr. and Mrs. Worden, 'Don't you think you can take
this child as your own?' that Mrs. Worden said: 'When she gets old
enough to have company of her own she may make me trouble; we don't
know what blood is in her veins, and I am in no hurry; we will wait; when
she gets old enough to see if she cares and loves me properly we will
adopt the child and she can have our property.'" (p. 111.)

The ruling was that without adoption the child could not
inherit as an heir, as this court holds. (*Malaney v. Cameron,*
ante, p. 620, 159 Pac. 19.) The evidence was sufficient to show
that the attitude of the foster parents toward the plaintiff
had not changed when they removed to Kansas. The plaintiff
was then only seven years old, and if the agreement had been
specifically to give property it was then governed by the *lex
loci solutionis* rather than by the *lex loci contractus.* The
plaintiff performed all the duties growing out of the relation-

ship which the foster parents had created, rendering service, obedience and companionship for about twenty-eight years, and a court of equity would be lacking in efficiency if it were unable to protect the plaintiff from the consequences of the omission of duty in the matter of formal adoption.

The judgment of the district court is affirmed.