EWERT v. WILLS et al.

No. 8241—Opinion Filed Jan. 13, 1919.

(178 Pac. 87.)

(Syllabus.)

1. Appeal and Error — Ruling on Motion for New Trial—Review.

Where the motion for a new trial is not preserved in the record, nor the grounds therefor stated, this court cannot, in proceedings to review the judgment, hold that the trial court erred in overruling the motion.

2. Appeal and Error—Filing of Motion for New Trial—Recitals in Record.

Where no motion for a new trial has been actually filed within the statutory period, a recital in the record that the plaintiff "in due form files his motion for a new trial, and the same being heard and considered is by the court denied," is of no avail as a substitute for the filing of such motion.

3. Appeal and Error—New Trial—Time for Filing—Review—Statute.

Section 5035, Rev. Laws 1910, requiring a motion for a new trial to be filed within three days after the verdict or decision is rendered, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from doing so within the time fixed by statute, this court cannot consider errors occurring at the trial.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by Paul A. Ewert against Mary A. Wills, as administratrix, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Paul A. Ewert, pro se.

A. Scott Thompson, for defendants in error.

SHARP, C. J. In the trial of this case in the lower court the jury returned a verdict in favor of defendants on October 30, 1915, and on the same day judgment on the verdict was rendered by the trial court. The journal entry of the judgment recites that the plaintiff "in due form files his motion for a new trial, and the same being heard and considered is by the court denied." Notwithstanding the recital as to the filing of a motion for new trial on the day that the verdict was returned, no such motion was in fact filed. A motion for new trial was, however, filed on the 20th of November, 1915. The defendant in error has filed a motion to dismiss the appeal for the reason that the motion for new trial was not filed within three days after the return of the verdict. The motion must be sustained. Section 5035, Rev. Laws, requires that the application for a new trial must be made during the term and within three days after the verdict or decision is rendered, unless unavoidably prevented, while section 5036 requires that the application for new trial must be by motion, upon written grounds, filed at the time of making the motion. It is urged by counsel for plaintiff in error that as the journal entry of judgment recites the timely filing of a motion for a new trial, and as the record imports verity, the court cannot, in the face of the record, say that no such motion was filed. Elsewhere counsel admits that no motion for a new trial was in act filed until the 20th day of November, 1915. This fact is conclusively shown throughout the record in the various motions and argument before the court. Were it not so, plaintiff must fail in his contention, as, if we were to consider the statement of the journal entry as conclusive of the fact that a motion was duly made and filed, there being no such motion in the record, we cannot say that the court erred in overruling it. This rule is fundamental and requires that this court exclude from its consideration all questions of errors arising at the trial. Chanosky v. State, 52 Okla. 476, 153 Pac. 131; McCann v. Rees, 55 Okla. 315, 155 Pac. 568. Where, from the statement in the case-made that a motion for new trial was filed and overruled, but the motion itself is not preserved in the case, nor any showing made upon what ground it was based, the court is not therefore advised as to its contents, we cannot undertake to say whether the trial court erred in overruling such motion. In such circumstance no error charged to have occurred during the trial is preserved for review in this court. Such has been the repeated rule of decision by the Supreme Court of Kansas, from which state the pertinent provisions of our statute were adopted. Ferguson v. Graves, 12 Kan. 39; Hover v. Cockins, 17 Kan. 518; Typer v. Sooy, 19 Kan. 593; Ervin v. Morris, 26 Kan. 664;

Illingsworth v. Stanley, 40 Kan. 61, 19 Pac. 352. See, also, 4 Corpus Juris, 92.

Turning to the motion for a new trial of November 20, 1915, it appears that the only grounds assigned are on account of errors alleged to have occurred during the trial, and does not therefore include or involve the consideration of newly discovered evidence which the plaintiff could not with reasonable diligence have discovered and produced at the trial. As we have already seen, the statute requires a motion for new trial to be made at the term and within three days after the verdict or decision is rendered, unless unavoidably prevented. The October term of court at which the verdict was returned was not finally adjourned until during the month of April, 1916, according to plaintiff's contention. The fact that on the evening of the day on which the verdict was returned the court either recessed or adjourned to a later day in the term, did not deprive plaintiff of his right to file his motion for a new trial within three days. Nor did the fact that the proceedings had at the trial could not be transcribed by the stenographer within three days, of itself, extend the statutory period for filing the motion, or bring the case within the statute authorizing motions for new trial to be filed after the expiration of three days where "unavoidably prevented." The statute fixing the time within which the motion must be filed is mandatory, and has been so held by this court from a very early period. United States ex rel. v. C. O. & G. R. R. Co., 3 Okla. 404, 458, 459, 41 Pac. 729; Ryland v. Coyle, 7 Okla. 226, 54 Pac. 456; Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733; Roberts v. Seals, 43 Okla. 467, 143 Pac. 199; Farmers' Gr. & S. Co. v. Isaac, 60 Okla. 26, 158 Pac. 562. While a motion for a new trial may be amended after the three days' time allowed by the statute for filing the same, no new and independent grounds therefor may be assigned. Rice v. Folsom, 32 Okla. 496, 122 Pac. 236; Rogers v. Quabner, 41 Okla. 107, 137 Pac. 361; Wiggins v. Jackson, 52 Okla. 723, 153 Pac. 879.

There are several assignments of error in the petition in error which could be considered in the absence of a motion for a new trial, but, as plaintiff in error has failed in his brief to submit arguments in support of these assignments, they will, under the familiar rule of this court, be regarded as abandoned.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur, except TURNER and BRETT, JJ., absent.