JOHN W. ODELL v. WILLIAM SARGENT, AND JAMES DAVIS.

*Error from Leavenworth County.*

In the absence of a showing that the party applying for a new trial, on grounds, 1st: of irregularity on the part of the court or party, and 2nd: accident or surprise, was "unavoidably prevented" from making the motion before; *Held* that it was error to hear and grant the motion after the lapse of three days from the rendition of judgment.

A motion for leave to make a motion for a new trial is one unknown to the law, and a nullity.

Where the judgment was rendered on the 12th, the defendant had, on the 23d of March 1864, during the same term, under section 310 of Civil Code, a right to make a motion for a new trial on the ground of newly discovered evidence, without an order granting leave, but the motion not having been made until a subsequent term to the one on which judgment was rendered; *Held* not in time.

*Semble*, in such cases the means of securing a new trial, is by action, the time having elapsed for a motion.

The facts of the case sufficient to present the points decided, appear in the opinion of the court.

The case was argued by *Wheat* for plaintiff, and by *Gambell* for defendants in error.

*Clough & Wheat*, for plaintiff in error, submitted:

1. After a term of court has expired during which a judgment was rendered, the court has no discretion or authority at a subsequent term to set aside said judgment. *Cook* v. *Wood, et al.*, 24 *Ills.*, 295; *Cameron* v. *McRoberts*, 3 *Wheat.*, 593; *Jackson* v. *Ashton*, 10 *Peters*, 480; *Washington Bridge Co.* v. *Stewart*, 3 *How.*, 413; *Suydam* v. *Pitcher*, 4 *Cal.*, 280; *Robb* v. *Robb*, 6 *Id.* 21; *Brewer* v. *Dinwiddie*, 25 *Mo.*, 352; *Hill* v. *City of St. Louis*, 20 *Id.* 584; *Blackstone's Com.*, book 3, chap. 25, side *p.* 406; *Cokes Littleton*, sec. 438, book 3, *p.* 260; *Merle* v. *Andrews*,

4 *Texas*, 200; *Ridd* v. *McMillan*, 21 *Ala.*, 325; *Wood* v. *Luse*, 4 *McLean*, 254; *Ramsour* v. *Roper*, 7 *Iredell*, 346; *Ashley* v. *Hyde*, 1 *English*, 92; *Mayor etc. of Little Rock* v. *Bullock*, 1 *Eng.*, 282; *Sagory* v. *Bayless*, 13 *Smedes & Marshall*, 153; *Blair* v. *Russell*, 1 *Smith*, 287.

2. The discretionary control of the court over its judgments ends with the term at which they are rendered. *Huntingdon & McIntyre* v. *Finch & Co.*, 3 *O. State*, 445.

A Circuit Court has no power to insert a clause in a judgment authorizing the party against whom it is rendered to move to set it aside at the next term; and where, upon motion made in pursuance of said leave, a judgment was set aside at the next term and a new judgment rendered, it was treated as a nullity by the Supreme Court, and the first judgment reinstated. *Hill* v. *City of St. Louis*, 20 *Mo.*, 584, 587; *Ashley* v. *Hyde*, 1 *Eng.*, 9; 2 *U. S. Dig. p.* 295, *sec.* 122.

The District Court could only vacate its judgment against Sargent in pursuance of the powers limited and given by sections 546, 547, 548, 550 and 613 of the Code. *See Comp. L. of Kansas*; *See Hittrick* v. *Wilson*, 12 *Ohio State*, 136; *Houston* v. *Williams*, 13 *Cal.*, 24; *Myers et al.* v. *Myers et al.*, 6 *O. State*, 226-7.

The record does not show that the court adjudged that Sargent or Davis, or that any person whatever had a valid defense to the action, and therefore the court erred in vacating the judgment. *Comp. L. of Kan.*, *sec.* 550 *of the Code*; *Hettrick* v. *Wilson*, 12 *O. S.*, 138.

*W. P. Gambell*, for defendants in error, submitted:

1. The first question presented by the record is, whether the application for a new trial was made at the term at which the judgment was rendered. It is submitted that the application was so made, and that the court had authority to give the defendant time to reduce his motion to

writing and file the same. *Com. L. Civil Code*, sec. 307, *et seq.*

2. No objection was made by plaintiff to the court entertaining the first motion, and no exception was taken to the ruling of the court in giving the defendant time to file his motion.

3. The plaintiff having failed to make his objection at the time the leave was obtained, was too late in making his objection to the motion being entertained after it was so filed in pursuance of the leave given.

4. If the court had a right to entertain the motion thus filed, this court will not reverse the order granting a new trial.

5. This is not an appealable order. This was not an order affecting a substantial right, which determines the action and prevents a judgment. The cause stands for trial in the court below. *Code*, sec. 523-4-5.

*By the Court*, KINGMAN, J.

This cause is brought to this court under paragraph 2 of section 4 of the act amendatory of the Code passed Feb. 25th, 1860.

The plaintiff in error who was plaintiff below, obtained a judgment against the defendants and others on the 12th day of March 1864. On the 25th day of March thereafter, the following journal entry is made :

"Now comes William Sargent, one of the defendants herein, and moves the court for leave to file a motion to reverse so much of the decree herein rendered at the present term as relates to him the said William Sargent, which said motion is by the court sustained, and leave is hereby given to said William Sargent to file said motion, and this cause is continued."

On the 27th day of April, defendant filed in vacation the motion for a new trial, setting up as grounds:

"1st. Irregularity in the proceedings of the court, and of the prevailing party.

"2d. Accident or surprise, which ordinary prudence could not have guarded against.

"3d. Newly discovered evidence material for this defendant, which he could not with reasonable diligence have discovered and produced on the trial."

On the 14th day of May this motion supported by affidavits was heard and a new trial awarded, to which the plaintiff excepted. Plaintiff also objected to the hearing of the motion, and upon his objection being overruled, excepted.

Either of the causes assigned is sufficient if made in proper time and in a proper manner. Was this done in this case? Section 309 of the Code, provides that, "the application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of newly discovered evidence material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered unless unavoidably prevented."

As the judgment was rendered on the 12th and there was no motion made of any kind until the 23d, and as there is no pretence of being "unavoidably prevented" from making the motion on the first two grounds at an earlier period, the defendants were precluded from setting up those grounds upon motion. The three days allowed by the law had elapsed, and the means of securing a new trial for those causes is by petition, as pointed out in section 311 of the Code.

Neither did defendants bring themselves under the provisions of the Code as to the last cause set up in their motion.

The journal entry made on the 23d does not even purport to be a motion for a new trial. It is a motion for

leave to make a motion. No causes for the application are stated.

The defendant obtained leave of the court to do that which he had a clear and undoubted legal right to do without his motion; that is, to make an application for a new trial by motion.

Section 310 of the Code provides that the application must be by motion upon written grounds filed at the time of making the motion.

Had the motion been for a new trial instead of for leave to make such a motion, the motion must have been upon written grounds filed at the same time. This provision of the Code is but an affirmation of the ancient law, and is founded upon reasons so obvious that they need no comment. The anomalous motion made on the 23d seems to have been an attempt on the part of defendants to keep themselves in court by the expedient. It is a motion not known to the law, and is a nullity.

The objection of plaintiff to hearing the motion at the May term was well founded. It was a motion for a new trial at a term subsequent to the one at which the judgment was rendered. An application for a new trial at such time on the ground of newly discovered evidence, must be made by petition. See sections 311 and 546 of the Code.

This conclusion renders it unnecessary to consider the other points presented by the plaintiff in error. The case will be sent back to the District Court with directions to set aside the order granting a new trial.

All the justices concurring.