GEORGE H. WINSOR v. EDWIN COLE.

1. SPECIAL CONSTABLE; *Return to Writ.* It is not necessary that a special constable, who has been legally appointed and qualified under section 172 of the justice's act, should verify his return to a writ which he has served, by oath or affidavit.

2. ERROR *will not be presumed.* Before a reviewing court will reverse a judgment of an inferior court for error, the error must be clearly and affirmatively shown.

*Error from Sumner District Court.*

THE opinion in this case sufficiently presents the facts and the proceedings upon which the questions discussed and determined are raised. *Cole,* as defendant in error, at the April Term 1872 of the district court, had judgment, (affirm-

ing the judgment of a justice of the peace,) and *Winsor* brings the case here on error.

*John Guthrie,* for plaintiff in error:

1. The action before the justice was for trespass on real estate, and the justice of the peace did not have jurisdiction to exceed one hundred dollars; justice's act, § 6, (Gen. Stat., 775;) and the judgment of the district court affirming that of the justice ought to be reversed.

2. The summons issued by the justice was not served on Winsor as required by law. The summons has its return indorsed on it, in these words:

"Received this writ Dec. 26th 1871, at 10 o'clock A. M. Served a certified copy thereof with the indorsements thereon at the usual place of residence of the defendant Geo. H. Winsor.                J. ROMINE, *Special Constable.*"

There is nothing in the record showing that this man Romine was appointed as a special constable. Nor does the record show that Romine made an affidavit to his return.

3. The justice erred in directing the summons in said case to "Jerome Romine, Special Constable," and in delivering the same to him without first appointing him for that special purpose. It is not denied that a justice of the peace may appoint a special constable in any given case, for such particular case, where there is no constable in the township, or in the case of disability of one of the regular constables, or where the constable is a party to a suit, or where the pressure of business is such that the regular constable cannot perform all the business. But the plaintiff claims that such special constable must be appointed for a given case, (and not as a "special constable" generally,) and that his appointment must be entered upon the docket, and the oath administered. See §§ 172 and 173 of the justice's act, (Gen. Stat., 813;) 7 Ind., 528; 3 Jones, (N. C.,) 404. The pretended service and return by Jerome Romine was a nullity, and the justice had no jurisdiction.

*Pendery & Goddard*, for defendant in error:

The defendant in error submits that before a reviewing court will reverse the judgment, it must appear from the certificate of the justice that the record before it is a full and complete transcript of the proceedings of the justice in the case, and that such record affirmatively shows error in the proceedings, (6 Kas., 39, 144, 357;) neither of which essential is shown by the record in this case. Nowhere does it appear under the certificate of the justice that he has given a full and complete record of his proceedings in the case. The plaintiff in error seems to have carefully avoided bringing a full record of such proceedings before the court.

But even admitting that the record is complete, we submit that it does not affirmatively show error. Section 172, of the justice's act, providing that the justice shall make a memorandum on his docket of the appointment of a constable for a special purpose, is merely directory; and it does not follow, because such memorandum was not made, that the justice did not appoint Romine for the special purpose of serving the summons, as required by law. But the real fact not appearing, and in the absence of anything showing the contrary, it will be presumed that the justice did appoint him according to law for that special purpose, before he issued the summons to him in that capacity. The mere inference that he did not so appoint him, is not sufficient. *Haight v. Schuck*, 6 Kas., 192.

The plaintiff in error has included in his "case made" a certified copy of a docket entry by said justice, appointing Jerome Romine as special constable on the 21st of November 1871. We are unable to see how that can be of any advantage to plaintiff in error. If he was not appointed at that time to serve any process in this case, then of course that entry is not a part of the record in this case, and cannot in any way affect the case. The only aspect in which it can be material in this case is to assume that when the justice so appointed him he supposed he had authority by one appointment to authorize Romine to act as constable in all cases. If

such is the inference to be drawn from that entry, we claim that, although such appointment was invalid, yet Romine, acting by color of such appointment, was a constable *de facto*, and his acts as such are valid, and such acts cannot be questioned in any proceeding to which he is not a party: 8 Paige, 428; 9 Johns., 135; 1 Denio, 579; 5 Wendell, 171, 231; 15 Mass., 170; 17 Conn., 585.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally before a justice of the peace by Edwin Cole as plaintiff, against George H. Winsor, to recover damages to the amount of $195, claimed to have been sustained by Cole by reason of the cattle of Winsor "feeding upon, eating up, and destroying corn and squashes standing and being upon plaintiff's premises during the month of October 1871." The defendant made no appearance in the justice's court. The plaintiff appeared and obtained a judgment for the full amount of his claim. Winsor then carried the case to the district court by petition in error. The district court affirmed the judgment of the justice of the peace, and thereupon defendant Winsor brought the case to this court by petition in error.

Three question are raised or discussed in the brief and argument of the plaintiff in error: *First,* Was the constable who served the original writ on the defendant in the justice's court properly and legally appointed and sworn in as a special constable? *Second,* Is it necessary that a special constable should verify his return to a writ, by oath or affidavit? *Third,* Was this an "action for trespass on real estate," within the meaning of § 6 of the justice's act?

I. We have no means of determining the first question, as the record brought to this court does not contain any evidence upon the subject. It does not even purport to contain all the proceedings of the justice which ought (without a bill of exceptions) to be made a part of the record. The bill of particulars is given in the record, with a certificate of the justice to its correctness. Then comes the summons, with a

like special certificate. Then comes a portion of the other proceedings, and the judgment of the justice, with the following certificate, to-wit:

"I hereby certify that the foregoing is a full and correct *abstract of a judgment rendered* and execution issued by me in the suit above entitled.

"FRANK WISE, *Justice of the Peace.*"

This is all the evidence we have upon the subject. Therefore from anything that appears in this record the special constable may have been duly and legally appointed and sworn in. There may have been a proper record made of the same at the time, and the plaintiff in error may have chosen not to take a copy of the same to the district court. The writ was directed by the justice to Jerome Romine, special constable of Sumner county. It was served by Romine as a special constable; and in the absence of anything to the contrary we shall presume he was a special constable duly appointed and qualified.

II. It is not necessary that a special constable who has been legally appointed and qualified under § 172 of the justice's act, (Gen. Stat., 812,) should verify his return to a writ which he has served by oath or affidavit. He may make the return in the same manner as any other constable.

III. There is nothing in the record brought to this court that shows that this was an "action for trespass on real estate." There is nothing in the record that shows that the cattle of the defendant were not running and being on the plaintiff's premises by agreement of the parties. There is nothing in fact but the plaintiff's bill of particulars that shows anything about it, and that shows among other things the following:

"George H. Winsor to Edwin Cole, - - - Dr.

"To corn destroyed by cattle belonging to said Winsor during the month of October 1871, $185; to squashes destroyed as above, $10; amount *due*, $195. The said defendant having about the last of April or first of May 1871, and at various times thereafter, *promised and agreed* with the said plaintiff to be responsible for and pay to the said plaintiff all damages he the said plaintiff might sustain by reason of said

defendant's cattle eating up and destroying said plaintiff's corn."

It will be noticed that the agreement to pay the plaintiff for the corn eaten up and destroyed by the defendant's cattle was long before the corn was so eaten up and destroyed.

With reference to the first and third questions raised in this case we would say, as we have said in many others that have come before this court, that before a reviewing court will reverse a judgment of an inferior court for error the error must be clearly. and affirmatively shown. The judgment of the court below is affirmed.

All the Justices concurring.