D. J. FOWLER, *et al.*, V. ELIZABETH YOUNG.

1. GUARDIAN *Ad Litem; Motion to Vacate Appointment; Record; Testimony.* When it is claimed that there was error in appointing a guardian *ad litem* for a defendant alleged to be a minor, and the record fails to show any of the testimony offered on the application by the plaintiff for the appointment of such guardian, and does not purport to contain all offered on the motion to vacate such appointment, this court cannot adjudge error in making such appointment, or in refusing to vacate it, notwithstanding the claim and the oath of the defendant, that she was of age.

2. MOTION FOR NEW TRIAL; *Must be Filed within Three Days.* In a case tried before a jury, a motion for a new trial must be filed within three days from the incoming of the verdict, (unless good reason be shown for the delay,) or errors alleged in the progress of the trial in the admission of evidence, etc., will be deemed to have been waived.

3. PLEADING; *Petition to Set Aside a Will; Sufficiency.* A petition in an action to set aside a will, brought against the sole devisee under the will and the administrator with-the-will-annexed, which alleges the death of the deceased, his ownership of property, the heirship of the plaintiff, the forgery of the will, (a copy of which is given,) its probate and the perjury by which such probate was secured, states a cause of action, and where such petition is met only by a general denial, and the verdict is for the plaintiff; the trial court does not err in overruling a motion for judgment in favor of the defendants *non obstante veredicto.*

*Error from Cloud District Court.*

ACTION by Mrs. *Young,* as plaintiff, commenced originally against *D. J. Fowler,* as administrator, etc., and *Anna E. Sage,* as defendants. Plaintiff's petition, after the caption and title, is as follows:

"The plaintiff, *Elizabeth Young,* (formerly Elizabeth McDowall,) complains of the defendants above named, for that, on or about the 15th of December 1871, one William McDowall departed this life at Fort Sill, in the Indian Territory, seized and possessed of the tract of land in said county of Cloud, to-wit, the W.½ of the S.W.¼ of section 28, and the E½ of the S.E.¼ of section 29, all in township 8 south, range 4 west; and being also the owner and in the possession of the following personal effects and estate, to-wit, one rifle gun and one Spencer carbine gun, of the value of $45; one

bowie knife of the value of $1.25; cash in the hands of D. J. Fowler, $30.25, and 160 bushels of corn of the value of $80; that said decedent, Wm. McDowall, died unmarried, and without issue, and his father having died before the death of said William, he left the plaintiff as his sole heir-at-law, she being his mother; that said William McDowall died without having made any disposition of said estate, or any part thereof, by will or otherwise; that on or about the 20th of February 1872 the defendant D. J. Fowler, fraudulently intending to cheat and defraud the plaintiff in the premises, falsely and fraudulently wrote and forged a paper in the words and figures following, and purporting to be the last will and testament of said William McDowall, to-wit:

"'KNOW ALL MEN by these presents, that I, William McDowall, of Solomon township, Cloud county, State of Kansas, considering the uncertainty of life, and being of sound mind and memory, do make, declare and publish this my last will and testament. I give, devise and bequeath to my beloved intended wife, Anna E. Sage, all of my estate, real, personal, and mixed, and of which I shall be entitled to at the time of my decease, (excepting the following property and money, to-wit: one large gold ring, which I bequeath to my mother, Elizabeth Young; and I also bequeath to my sister, Margaret Franklin, five dollars in money;) to have and hold the same to her [the said Anna E. Sage,] and her executors, administrators and assigns forever.

"'In testimony whereof, I have to this my last will and testament, contained in one sheet of paper, subscribed my name and set my seal this 9th day of March, 1871.                    WILLIAM McDOWALL. [SEAL.]

"'Signed, sealed, and declared and published by the said William McDowall, as and for his last will and testament, in presence of us, who, at his request, and in his presence, and in the presence of each other, have subscribed our names as witnesses hereto.
                              "'D. J. FOWLER, SUSAN ·A. FOWLER.'

"'I hereby certify that the foregoing will was executed on the 9th day of March 1871, signed and sealed, and deposited in the office of the probate judge in and for the county of Cloud, State of Kansas.
                              "'D. J. FOWLER, Probate Judge.'

"And plaintiff further shows and alleges that said defendant D. J. Fowler, then the probate judge of Cloud county, indorsed upon said pretended will the certificate, a copy of which is last above written, and signed the same with his designation of office of probate judge of said Cloud county and deposited the same in his said office, well knowing that the same was false, fraudulent, and forged as aforesaid; that on the 21st of February 1872, the said Fowler appeared before C. W. McDonald, the then probate judge of said county of Cloud, and falsely testified that said William McDowall made a will; and on the 6th day of March 1872, the said defendant Fowler, further intending to cheat and defraud the plaintiff in the premises, falsely made affidavit, and caused his

wife Susan A. Fowler, falsely to make affidavit, before A. A. Carnahan the then probate judge of said county, that they each saw said William McDowall sign the aforesaid pretended will, and that they each subscribed their names thereto, as witnesses, in the presence of the said William McDowall, and at his request, they each well knowing that said William McDowall did not sign said pretended will, and well knowing said pretended will to be false, and forged as aforesaid; that on the 6th day of March 1872, the said defendant D. J. Fowler, further intending to cheat and defraud the plaintiff in the premises, caused himself to be appointed administrator of said William McDowall deceased, with-the-will-annexed, thereby intending to dispose of said estate according to the terms of said forged will, and to cause the same to pass from the plaintiff to the defendant Anna E. Sage, she being privy thereto, and fraudulently intending thereby to receive and obtain the title, ownership and possession of said estate as such false and pretended devisee under said pretended will.

"Wherefore the plaintiff says she has been injured and has sustained damages in the sum of $2,000; and she prays judgment, that said pretended will be adjudged false, fraudulent and forged, and that the same may be set aside and held for naught; that the letters of administration with-the-will-annexed, so as aforesaid, be revoked and annulled, and that said D. J. Fowler be removed from his said supposed office of administrator with-the-will-annexed; that the plaintiff be in all things restored and reinstated in her rights in the premises, as sole heir-at-law to the estate of her said deceased son, the same as if said pretended will had not been admitted to probate, and said letters of administration had not been granted; that the plaintiff have and recover $2,000 for her damages sustained by reason of the premises, and that she may have such other and further relief in the premises as equity and good conscience may require, and as to the court shall seem meet, and that she recover the costs of this action."

The defendants answered, filing a general denial only. Trial at the November Term 1873. The jury found all the issues in favor of the plaintiff, and assessed her damages at $130. At the same term, the plaintiff, having ascertained that said defendant *Anna E. Sage* was an infant, under eighteen years of age, moved that said verdict be set aside, and a new trial granted, with leave to plaintiff to amend her peti-

tion averring the infancy of defendant *Sage*. Said motion was granted, and *H. A. Hunter* was appointed guardian *ad litem* of said infant defendant. At the April Term 1874, defendants moved to vacate the order appointing *Hunter* as guardian *ad litem*, upon the alleged ground that said *Anna E. Sage* had "attained to her majority before the 25th of September 1873." On the hearing of this motion several affidavits were read. Among those in favor of the motion was one made by Susan A. Fowler, (wife of defendant *D. J. Fowler*,) whereby it appeared that said Susan was the mother of said *Anna*. The motion was overruled. A second trial was had at the April Term 1875. The jury found the issues in favor of the plaintiff, and assessed her damages at $132.80. Motions for judgment, *non obstante*, and for a new trial, were overruled, and judgment on the verdict was given for the plaintiff as prayed for in her petition. The defendants bring the case here on error.

*L. J. Crans*, and *A. A. Carnahan*, for plaintiffs in error:

1. The appointment of a guardian *ad litem* cannot be made until after the service of the summons in the action, as directed in §§ 33 and 34 of the code. The mode of service of summons, where the defendant is a minor, is prescribed by § 71 of the code. Now in this case, Anna E. Sage was sued as an adult; she appeared by her attorneys, and answered. The action was tried, and afterward on plaintiff's motion a guardian was appointed. This was error; and the error was repeated when the court refused to vacate the order appointing the guardian. The appointment of the guardian was not made in accordance with the provisions of the code. It was made upon the mere motion of the plaintiff, without any showing. Anna E. Sage had attained her majority prior to the filing of the petition and commencement of the action. (16 Kas. 29.)

2. The court erred in overruling the motion of the defendants to be permitted to open the case. The proceeding was regarded as being under § 20 of ch. 117, Gen. Stat. 1110.

11—19 KAS.

Upon an issue out of chancery to try the validity of a will, the defendant has the affirmative. He affirms that the paper writing is the last will and testament of the testator. This fact is denied by the complainant. (*Green v. Green*, 5 Ohio, 278.) The effect of the provision, (§ 21, ch. 117, p. 1111,) that on the trial of such issue, the order of probate shall be *prima facie* evidence of the attestation, execution and validity of the will, is, after the order of probate is offered in evidence, to transfer the burden of proof, in respect to each of these subjects, from the propounders or contestees to the contestants of the will; (*Mears v. Mears*, 15 Ohio St. 90;) and when the burden of showing satisfaction is upon defendants, it is no way changed from the fact that the bill anticipates such a defense and seeks to avoid it. *Hollister v. O'Dillon*, 4 Ohio St. 197, 200; 6 Ohio St. 307; 12 Ohio St. 437, 473; 15 Ohio St. 1; Gen. Stat. of Kas. p. 681, § 275.

3. The court erred in receiving, over the objection of the defendants, evidence to impeach plaintiff's evidence, and the affidavits of D. J. Fowler and Susan A. Fowler (read by plaintiff) without the affiants' attention having been directed by cross-examination to supposed contradiction. The plaintiff had sued Fowler as "administrator with-the-will-annexed of Wm. McDowall, deceased," which was an admission on her part that McDowall was dead, that he had made a will, and that Fowler was the administrator of his estate *cum testamento annexo;* (2 Stark. Ev. 215; 1 Stark. Ev. 390, 399;) and on the trial she called T. L. Sturges, probate judge, to the stand, who testified —

"I hold the office of probate judge of Cloud county, and have with me the office papers of the probate court. I find among them, these, *the will* of Wm. McDowall, deceased, a record of the probate of such will, the affidavit of D. J. Fowler on the probate thereof, and the affidavit of Susan A. Fowler on the probate thereof. I also find of record the appointment of D. J. Fowler as administrator of the estate of Wm. McDowall deceased, with-the-will-annexed. These are the papers and records to which I refer."

Plaintiff then offered said will, and the record of the pro-

bate of the will, and the affidavit of the Fowlers. Upon plaintiff calling witnesses to impeach or contradict the evidence thus offered by her, the defendants objected. The party offering evidence cannot contradict or impeach it. When a party offers a paper or record in any case, for any purpose, it is *in evidence* for all the purposes of the case. When a party offers a witness in proof of his cause, he thereby, in general, represents him as worthy of belief. He is presumed to know the character of the witnesses he adduces; and having thus presented them to the court, the law will not permit the party afterward to impeach their general reputation for truth, or to impugn their credibility by general evidence tending to show them to be unworthy of belief. 1 Greenl. Ev. § 442, p. 489; 15 Ohio St. 1; 16 Ohio St. 48.

4. Defendants (plaintiffs in error) offered evidence showing the signing and execution of the will by McDowall. On plaintiff's objections, the evidence was rejected; the objection in each instance was, that it was a transaction between the parties and the deceased, and incompetent. The court erred in not receiving such evidence, unless § 322, p. 691, Gen. Stat., modifies the general rule of law. We contend, that D. J. Fowler was not testifying within the spirit or letter of § 322 in his own behalf; that to exclude, the transaction or communication must be the actual transaction involved in the issue, or a communication having direct reference to the transaction involved in the issue, and that no collateral transaction or communication can be excluded. At the probate of the will, the Fowlers were competent witnesses, and the only witnesses who could prove the due attestation, execution and validity of the will. The fact that D. J. Fowler afterward became the administrator, did not render either of them incompetent. If incompetent, or dead, or out of the jurisdiction of the court, under § 22, p. 1111, Gen. Stat., we were entitled to the previous testimony, which was just what we sought to establish by the rejected testimony. There was no objection made as to the competency of D. J. Fowler as a

witness. He was competent for all purposes in this case. The court erred by giving too great scope to § 322 of the code. 21 Ohio St. 658.

5. The court erred in its general instruction to the jury. It permitted the jury to find a general verdict against both defendants for the personal property, when the petition charges, and the proof shows, that but one of the defendants. ever had control of such property.

6. There is error in the verdict of the jury. It does not show it was found upon oath. It does not show against whom the damages are assessed.

7. The court erred in overruling the motion of the defendants for judgment, notwithstanding the verdict.

*Strain & Sturges*, for defendant in error:

The history of this case is the history of the forgery of a will by a probate judge of Cloud county, his resignation of his office for the purpose of taking out letters of administration with-the-will-annexed, and a dogged and persistent attempt to shield himself from infamy, as shown by the manner of his defense of this suit. Two juries of the county that elected Fowler probate judge have pronounced the will a forgery, which ought to raise a strong presumption that substantial justice has been done in the premises. We think therefore, that when we ask the court to require the plaintiffs in error to bring their cause before the court for consideration according to the rules of law, before asking the court to wade through a long bill of exceptions in search of supposed errors, we do not ask too much.

1. The question as to the appointment of a guardian *ad litem* is not properly before the court. This cause was twice tried. It was commenced September 25th 1873; at the first trial a verdict was found in favor of defendant in error, and the verdict was set aside and a guardian *ad litem* appointed for Anna E. Sage. As none of the evidence or records of that trial are set out in the bill of exceptions, there is nothing to show on what evidence or grounds the court below made

the appointment, and consequently this court cannot now say there was any error in making it, but on the contrary must presume there was none. And the court below having appointed a guardian, the presumption and fact is that there was sufficient and abundant evidence and grounds on which to make it, and error in making it cannot be presumed. It is true, that on the second trial before the jury, although there was no issue to that effect, the plaintiffs in error introduced some evidence, such as it was, for the purpose of showing that Anna E. Sage was then of age; but the evidence was so evidently false and fabricated that the jury could give it no weight. Besides, Anna E. Sage was present as a witness before the court and jury. They had eyes and could see for themselves, and they certainly would have been strange men if they could have found that a little girl (as she was) was of age. They found just as the court below did, that she was a minor. And the finding and appointment having been made by the court below, and the evidence and proceedings and record not being here on which it was made, this court cannot now say there was any error in making it.

2. There was no error in overruling the motion for a judgment notwithstanding the verdict. An examination of the pleadings will show that they do not bring themselves within the provision of the statute: (§ 411, Gen. Stat., p. 707.) The petition alleges the pretended will of McDowall to be a forgery, and not his will; and the defendants below interposed the general denial. In the answer of Anna E. Sage by her guardian, as first filed, she alleged that she was of age, but this was afterward amended and stricken out, and the cause was so tried. There being then the allegation of the petition that the will was not McDowall's will, and the answer interposing only the general denial, we fail to see how the plaintiffs in error could be entitled to a judgment on this state of the pleadings notwithstanding the verdict.

3. The other alleged errors are not before the court, and cannot be considered and for this reason: the record shows that the verdict was rendered on the 7th day of June, and

that no motion for a new trial was made by plaintiffs in error until the 11th day of June, and the reasons assigned for asking for a new trial, are, 1st, that the verdict was contrary to law; 2d, that the verdict was contrary to the evidence. Only this and nothing more. Sec. 308, Gen. Stat. 687, 688; 3 Kas. 80; 11 Kas. 617; 17 Kas. 316.

The opinion of the court was delivered by

BREWER, J.: This was an action to set aside a will, brought by the sole heir-at-law against the devisee and the administrator with-the-will-annexed. It was alleged that the will was a forgery, and that the probate thereof was obtained through the perjury of the subscribing witnesses. Two juries in successive trials found against the validity of the will, and from the judgment rendered upon the last verdict, this proceeding in error has been brought.

The first alleged error is in the appointment of a guardian *ad litem* for the devisee. The appointment was made upon the claim that she was a minor. The devisee was properly served with process, and the first trial was had upon the supposition that she was of age, and without any appointment of a guardian. But as the record discloses, it appeared upon the trial that she was under age, and thereupon the verdict was set aside, and a guardian *ad litem* appointed. Subsequently she moved to have that appointment vacated, and that she be allowed to conduct her own defense. This motion was overruled, and of this, complaint is now made. The record discloses none of the evidence upon which the appointment was first made, neither does it purport to contain all offered upon the motion to vacate. Clearly then it does not show error. True, she claimed to be of age; but the question was one of fact, and notwithstanding her claim and oath, *non constat* but that the entire testimony abundantly established the fact of her minority.

Various errors are alleged as occurring during the trial in the admission of testimony, etc., but unfortunately for the plaintiffs in error the motion for a new trial was not filed

until four days after the verdict, and no reason shown for the delay.   Hence, as already settled by this court, none of these questions so fully discussed by counsel are before us for consideration. *Odell v. Sargent,* 3 Kas. 80; *Mitchell v. Milhoan,* 11 Kas. 617; *Nesbit v. Hines,* 17 Kas. 316.

The only remaining matter is the error alleged in overruling a motion for judgment *non obstante veredicto.*   Several grounds were stated in the motion, but the only one entitled to consideration, is, that upon the pleadings the defendants were entitled to judgment.   And this cannot be sustained. The petition alleged specifically the death of the deceased, his ownership of property, the heirship of the plaintiff, the forgery of the will, giving a copy of it, and the perjury by which its probate was secured.   The answer was a general denial.   Clearly, the petition stated a cause of action, and no new matter was alleged in the answer.   There was no error in overruling the motion.

The judgment will be affirmed.

All the Justices concurring.