## CHARLES LUCAS v. DANIEL STURR, *et al.*

NEW TRIAL; *Motion, When to be Filed.* Where it is shown by the record that the court below, on the fifth day after rendering the judgment in a case, overruled a motion for a new trial, made on the grounds that the decision of the court was against the law and the evidence; and it is not shown by the record that said motion was ever reduced to writing, or filed in the court as it should have been, (Gen. Stat., 688, § 309; *Clayton v. School District,* 20 Kas., 256,) or that it was made within three days after the judgment was rendered, as it should have been, (Gen. Stat.; 687, § 308, and cases hereafter cited,) or that it was made at any time before it was presented to the court below for hearing, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below, that said motion was not made in time, and therefore that the court below did not err in overruling it. (*Odell v. Sargent,* 3 Kas. 80; *Mitchell v. Milhoan,* 11 Kas. 617; *Nesbit v. Hines,* 17 Kas. 316; *Fowler v. Young,* 19 Kas. 150.)

### *Error from Montgomery District Court.*

ACTION brought in the district court of Montgomery county, by *Charles Lucas* against *Daniel Sturr* and *Robert Atkinson,* to determine their adverse interests in certain land in said county, and to quiet the title thereto. The action was tried at the September Term, 1876, and judgment rendered for defendants. A new trial was denied, and *Lucas* brings the case to this court.

*J. D. McCue,* for plaintiff in error (in reply to counsel for defendant in error):

The first question presented by counsel for defendants is one of practice. They deny the jurisdiction of this court, for the reason that the case-made does not contain a copy of the motion for a new trial. We think the counsel overlook the facts as shown by the record. The judgment of the court below speaks for itself, and shows that the cause came on for further hearing upon the motion of the plaintiff for a new trial, for the reasons here setting forth two of the statutory grounds for a new trial. It is not necessary to set forth *in hæc verba* the motion. A case-made need contain only "a statement of so much of the proceedings and evidence, and other matters in the action, as may be necessary to present the errors complained of to the supreme court." (Gen. Stat., p. 737, § 547.)

The case settled and signed by the district judge shows that a motion for a new trial was made. It is in this respect different from *Ferguson v. Graves,* relied upon by defendants. In that case the record did not show any motion made.

*Geo. & Jos. Chandler,* for defendants in error:

We maintain that as a matter of practice, and as a matter of law, the supreme court cannot review the alleged errors in this case, for the reasons — 1st, That there are no separate findings of fact or conclusions of law, (Code, § 290;) 2d, That no motion for new trial was made therein. (Code, § 306.) There was no request for separate findings in this case, and § 309 of the code (Gen. Stat., p. 687) provides: "The application [for new trial] must be by motion upon written grounds filed at the time of making the motion." You may search the record, in this case, through, and you find no such motion. Where a motion for a new trial is not contained in the record, the supreme court cannot tell whether the district court erred in overruling the same or not. (*Ferguson v. Graves,* 12 Kas. 39; *Hover v. Cockins and McCarroll,* 17 Kas. 518.) As a matter of fact, no such motion was made in the case.

31—21 KAS.

It is just as necessary to make a motion for a new trial where the case is submitted to the court for trial, as where it is submitted to a jury or a referee. "A new trial is a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by a court." (Code, § 306.)

It has been repeatedly held by this court, and is too well settled to cavil about, that where there is a trial by the court, unless the court states the conclusions of facts found, separately from the conclusions of law, (Code, § 290,) or a motion for new trial is filed, the case is not in that condition which will authorize the supreme court to determine whether error was committed or not. (2 Kas. 337; 5 Kas. 567; 13 Kas. 269; 17 Kas. 316.) The fact that the journal entry recites that a motion for a new trial was made and overruled, is not sufficient. Such a recital is no part of either the motion or the judgment. The motion itself must be *in writing*, filed at time of making it, (Code, § 309,) and must appear in the record. (*Ferguson v. Graves*, supra.)

The supreme court will not attempt to correct supposed errors until after the trial court has had an opportunity to do so. The record must show affirmatively that all the statutory requirements to obtain a new trial have been taken, before the appellate court will consider the case at all. Where the statute provides that the motion shall be upon *written* grounds, filed at the time of making the motion, no other form or kind of motion will do. The certificate of the judge is conclusive as to what transpired in the case before him. (14 Kas. 337.)

The opinion of the court was delivered by

VALENTINE, J.: The judgment of the court below in this case will be affirmed for the following, among other reasons, and upon the following, among other authorities:

*First:* Error is never presumed, but must always be affirmatively shown. (*Hall v. Jenness*, 6 Kas. 357; *Winsor v. Cole*, 10 Kas. 620; *Bartlett v. Feeney*, 11 Kas. 594; *Kelley v. Davis*, 19 Kas. 510; *Kupfer v. Sponhorst*, 1 Kas. 75; *Bainter v. Fults*, 15 Kas. 323.) Therefore, where it is shown by

the record that the court below on the fifth day after rendering the judgment in the case, overruled a motion for a new trial made on the ground that the decision of the court below was against the law and the evidence, and it is not shown by the record that said motion was ever reduced to writing or filed in the court as it should have been, (Gen. Stat. 688, § 309; *Clayton v. School District*, 20 Kas. 256,) or that it was made within three days after the judgment was rendered, as it should have been, (Gen. Stat. 687, § 308, and cases hereafter cited,) or that it was made at any time before it was presented to the court below for hearing, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below, that said motion was not made in time, and therefore that the court below did not err in overruling it. (*Odell v. Sargent*, 3 Kas. 80; *Mitchell v. Milhoan*, 11 Kas. 617; *Nesbit v. Hines*, 17 Kas. 316; *Fowler v. Young*, 19 Kas. 150.) And because said motion was not made in time, it will be deemed that all errors occurring during the progress of the trial were waived. (See the two cases last cited, and *Clay v. School District*, 20 Kas. 262.) Counsel for defendant in error say, in their brief, that no motion for a new trial was ever in fact filed in the case, and counsel for plaintiff in error, who filed a brief in reply, does not say that there was.

*Second:* Upon the evidence in this case we think the court below settled conclusively by its general finding all the questions now raised in this court, and settled them in favor of the defendant and against the plaintiff. (*Winstead v. Standeford*, 21 Kas. 270, first point decided, and cases there cited.)

*Third:* The question on the mortgage we also think is settled. (*Vickroy v. Pratt*, 7 Kas. 238; *Brewster v. Madden*, 15 Kas. 249.) And it really makes no difference whether the land in controversy, at the time it was mortgaged, belonged absolutely to the Indians, or was held in trust by the government of the United States for the Indians. In either case the mortgagor had no interest in the land at the time he mortgaged it, and therefore the mortgage was void.

*Fourth:* As to any remaining questions, see *Rettman v. Richardson*, 17 Kas. 413.

Judgment below affirmed.

All the Justices concurring.