THE STATE OF KANSAS V. JOSEPH T. BENSON.

1. VENUE, *Sufficiently Shown.* Evidence showing that the prosecuting wit-
ness in a criminal case resided in Phillips county, Kansas, and that the
offense charged was committed on his premises, and near his residence,
is sufficient evidence to show that the offense was committed in Phillips
county, Kansas.

2. ———— *Immaterial Evidence.* The defendant was charged with com-
mitting an assault upon the prosecuting witness, with the intent to kill
him. The evidence showed that both occupied a certain piece of land;
that both claimed to have the better right thereto; that they had a con-
test in the United States land office for the title thereto, and that out of
these adverse claims the final difficulty arose, in which said alleged as-
sault with intent to kill was committed. *Held,* That it was immaterial,
on the trial, as to which had the better right to the land.

*Appeal from Phillips District Court.*

INFORMATION charging *Joseph T. Benson* with an assault
with intent to kill one *Charles Finch,* in Phillips county,
Kansas. At the October Term, 1878, of the district court,
*Benson* was tried, convicted and sentenced, upon the above
charge, and from said judgment he now appeals to this court.
The opinion contains a sufficient statement of the facts.

*A. Saxey,* and *W. F. Woodward,* for the appellant.

*Willard Davis,* attorney general, and *H. B. Johnson,* for
The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in this case was tried,
convicted and sentenced on a charge of committing an as-
sault with intent to kill, in Phillips county, Kansas. He
now appeals to this court, and raises several questions for our
consideration. He says that the offense was not proved on
the trial in the court below, and particularly that it was not
proved to have been committed in Phillips county, Kansas;
that the court below erred in admitting and excluding evi-

dence; that it erred in refusing instructions, and also erred in overruling the defendant's motion for a new trial.

I. The evidence introduced by the prosecution unquestionably proved that the defendant was guilty of the offense charged. The evidence of the defendant, of course, made out a different case. But the question as to whether the defendant was guilty or not, was one of fact; it was properly submitted to the jury, and submitted to them upon conflicting parol evidence, and sufficient evidence for the jury to find therefrom that the defendant was guilty of the offense charged, provided they believed the evidence of the prosecution. The jury found the defendant guilty; the court below approved and sustained the verdict; and therefore we cannot now say that the offense was not sufficiently proved, and for that reason reverse the judgment of the district court and grant a new trial.

II. The prosecuting witness testified that he resided in Phillips county, Kansas, and that the offense was committed on his premises, and near his residence. There was also other evidence tending to show that the offense was committed in Phillips county, Kansas, but we think the foregoing was alone sufficient. This point, that the evidence did not prove that the offense was committed in Phillips county, Kansas, is the first point made in defendant's brief, and therefore from this fact, and from the fact that the defendant makes the point at all, it would seem that the defendant's counsel has but little if any confidence in his case.

III. The evidence admitted, of which the defendant complains, could not have prejudiced any of the defendant's substantial rights. The most of the facts which this evidence was introduced to prove were otherwise proved, and by the defendant himself, and the rest of them were wholly immaterial. That the defendant and prosecuting witness were hostile claimants for a certain piece of land (the same land on which said alleged offense was committed), that they had a contest in the United States land office for the title thereto, and that out of these hostile claims the final difficulty arose

in which said alleged assault with intent to kill was committed, we think were proper facts to be submitted to the jury, and these facts were amply proved. But as to who had the better right to said land, either in law or in morals, we think was wholly immaterial. Supposing, for the purposes of the case, that the defendant had the better right to the land, still he would have no right on that account to assault the prosecuting witness with the intention of killing him. Both seem to have been occupying the land — certainly the prosecuting witness was; but as to which had the better right thereto we cannot tell from the evidence, nor is it material.

IV. We think the court below might have been more liberal in admitting evidence, but still we cannot say that it erred materially in excluding evidence. Some of it was properly excluded because it was incompetent, some of it because it was immaterial, a part of it because it was not proper to be given on cross-examination, and part of it was afterward introduced by both parties, or rather some of the facts for which it was offered to prove were afterward amply proved by other evidence introduced by both parties. Evidently the defendant did not think that the court erred materially in excluding said evidence, for he did not ask for a new trial on the ground of error in excluding evidence. The grounds set forth in the defendant's motion for a new trial are as follows:

"1. That the verdict is not sustained by sufficient evidence.

"2. That the verdict is contrary to law.

"3. That the court admitted improper testimony to go to the jury.

"4. That the court has misdirected the jury in a material matter of law."

The failure of the defendant to set up, in his motion for a new trial, any supposed errors committed by the court during the trial, would be fatal in a civil action. (*Nesbit v. Hines,* 17 Kas. 316; *Fowler v. Young,* 19 Kas. 150, 158, 159; *Lucas v. Sturr,* 21 Kas. 480; *Atchison v. Byrnes,* ante, p. 65.) As to what the effect of such a failure is in a criminal action, we do not think that it is necessary to express any opinion.

V. We do not think that the court below erred in refusing instructions. There were only two refused, and everything contained in these two that was necessary and proper to be given we think was given by the court in other instructions. Those refused would probably have been misleading, under the facts of this case, if the court had given them; and certainly neither of them was necessary in addition to the other instructions actually given by the court. No right or supposed right that either the defendant or the prosecuting witness may have had to said land would have justified the defendant in committing an assault upon, with intent to kill, the prosecuting witness.

VI. We have already sufficiently considered the matters set forth as the first and third grounds for a new trial; and the second and fourth grounds for a new trial are abandoned in this court—that is, the defendant has not mentioned them in his brief. He does not say that the verdict is contrary to law otherwise than as we have already discussed it, and he does not say that the court below gave improper instructions.

We cannot say that the court below committed any substantial error, and therefore the judgment of the court below must be affirmed.

All the Justices concurring.